# RICKETTS *v.* SUN PRINTING & PUBLISHING ASSOCIATION.

SERVICE OF PROCESS; FOREIGN CORPORATIONS.

1. *Quære,* Whether a corporation publishing a newspaper in New York is "doing business" in this District by keeping an office here under the

Statement of the Case.

management of an employee charged with the duty of gathering news and transmitting it to such corporation in New York.

2. A foreign newspaper corporation which, in addition to its ordinary business of publishing a newspaper at its domicil, maintains in the District of Columbia a permanent office force charged with the duty of furnishing general press reports to other newspapers, is "doing business" in the District of Columbia, within the terms of sec. 1537, D. C. Code (31 Stat. at L. 1419, chap. 854), realting to service of process on foreign corporations.

3. Under D. C. Code, sec. 1537, service of process on a foreign corporation doing business in the District of Columbia may be made upon the person conducting such business, whether or not such person is technically the agent of the corporation.

No. 1589. Submitted February 15, 1906. Decided March 7, 1906.

HEARING on an appeal by the plaintiff from an order of the Supreme Court of the District of Columbia granting a motion to vacate the service of a summons. *Reversed.*

The COURT in the opinion stated the facts as follows:

The appellant, Oscar J. Ricketts, as plaintiff, brought this action in the supreme court of the District against the appellee, the Sun Printing & Publishing Association, to recover damages for the alleged publication of a libel in the New York Sun, a newspaper published by said association in the city of New York.

The defendant is alleged to be a corporation duly incorporated under the laws of the State of New York, having an office and doing business in the District of Columbia. The summons, regularly issued, was returned by the marshal as served "on Richard V. Oulahan, correspondent of defendant, at No. 1417 G street N. W., the principal office of defendant in the District of Columbia, the 26th day of October, 1904."

Defendant appeared specially for the purpose of presenting a motion to vacate the aforesaid return. This motion, supported by affidavit, set up the facts that defendant was a foreign corporation; that it was not, and is not, doing business in the District; that it had no place of business or resident agent in said Dis-

trict, and that Richard V. Oulahan was neither an officer nor an agent of the defendant.

The evidence in support of the motion disclosed the following facts substantially:

The defendant corporation publishes the Sun in the city of New York exclusively.

On November 1, 1895, it leased certain rooms (first three and now six) in the building numbered 1417 G street N. W., which are occupied by Richard V. Oulahan and from nine to fourteen employees.

The name on the entrance door is "New York Sun." Mr. Oulahan is an employee of the defendant, and draws a salary. He has charge of the office, and employs and discharges the employees under him. He draws weekly on the defendant for his salary and the expenses of maintaining the office, including the rent. The money drawn is kept in a local bank to Oulahan's credit, and drawn out by him on his own checks. No papers are sold or distributed from this office.

The defendant is not a member of the Associated Press, but has a news service of its own. Its press-association service collects news and transmits it to certain newspapers. Among these are the Chicago Tribune, St. Louis Democrat, and Raleigh Post. Each of these papers makes its arrangements with the defendant for the service, and does not pay Oulahan therefor. As each of said papers has a special correspondent in Washington and maintains a private wire thereto, Mr. Oulahan furnishes each of said correspondents with a typewritten copy of his daily news report. This is done for convenience to save the transmission first to New York and thence to said papers. By arrangement with Oulahan, those correspondents pay him the cost of making the copies, and the money so received is used by him in paying the expenses of the office in Washington. The money is used for the benefit of defendant. The city directory, under the head of newspapers, has "The New York Sun and New York Sun Association, office 1417 G street, northwest." Mr. Oulahan testified that the name "New York Sun Association" means nothing; that he wanted it changed to "Press Association,"

which indicates an organization that gathers news and transmits it to newspapers, but dropped the matter because it would involve an extra charge. Testimony also tended to show that the newspaper containing the alleged libel had been circulated in the District of Columbia.

Upon this evidence, the court sustained the motion to vacate the service and quash the return.

*Mr. D. W. Baker, Mr. F. J. Hogan,* and *Mr. John M. Thurston* for the appellant.

*Mr. A. S. Worthington* and *Mr. Charles L. Frailey* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The service of summons was had under section 1537 of the District Code (31 Stat. at L. 1419, chap. 854), which relates to service on foreign corporations. So much of that section as is pertinent reads as follows: "In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business."

To sustain the service of summons in this case it must appear that the defendant corporation was doing business in the District, and that Richard V. Oulahan, upon whom service was made, was its agent or the person conducting its business. Whether the defendant, in respect of its business of publishing a newspaper merely, was doing business in the District also, by virtue of the fact that it maintained offices therein under the management of an employee charged with the duty of gathering news and transmitting it to the defendant in New York, for use in its publication there, presents an important question which we do not find it necessary to decide. There are other substantial grounds upon which the validity of the return showing the execution of the summons may be rested.

In addition to its ordinary and chief business, namely, that of publishing a daily newspaper in the city of New York, the defendant was engaged in carrying on the business of a "press association." This consisted in furnishing its general news reports to other publishers of newspapers throughout the country upon terms and for a consideration agreed upon with them, the particulars of which have not been disclosed.

Probably the maintenance of a permanent office in the District of Columbia, with a large force of news gatherers and other employees, was due to the fact that the national capital is a desirable and convenient place for the collection of news items of importance to the patrons of the press-association branch of defendant's business.

However this may be, it is shown that it was convenient—that is, it saved time and expense—for the manager of the local office to make direct delivery of the news reports collected and made up under his direction to certain of the newspapers that had contracted with the defendant for the service. Copies of these reports were made in the local office by the manager thereof, and delivered there to the representatives of the newspapers aforesaid for direct transmission by them. The central office in New York had nothing to do with this part of the business beyond receiving the compensation contracted for. The additional charge for the copies made and delivered in the local office, and made necessary by the arrangement for direct delivery, was paid by the receivers to Oulahan. He fixed the charge, collected the money, and used it for the defendant's benefit in part payment of the general expenses of the office in his charge.

Tested by all of these conditions, we are of the opinion that the defendant as a foreign corporation was doing business in the District of Columbia at the time of the service of the summons. *Re Hohorst,* 150 U. S. 653, 663, 37 L. ed. 1211, 1215, 14 Sup. Ct. Rep. 221; *Connecticut Mut. L. Ins. Co.* v. *Spratley,* 172 U. S. 602, 610, 43 L. ed. 569, 571, 19 Sup. Ct. Rep. 308; *Pennsylvania Lumbermen's Mut. F. Ins. Co.* v. *Meyer,* 197 U. S. 407, 414, 49 L. ed. 810, 814, 25 Sup. Ct. Rep.

483; *Tuchband* v. *Chicago & A. R. Co.* 115 N. Y. 437, 440, 22 N. E. 360.

Whether Oulahan was the agent of the defendant corporation, in the sense of the statute, depends not so much upon what he may have been called in the contract for his employment, or upon the fact that he received a general salary for all services rendered, of whatsoever nature, as upon the real character of the duties with the performance of which he was charged.

We do not consider it either necessary or important, however, to consume time with a discussion of the many authorities relating to the question of what is necessary to constitute one an agent of a foreign corporation for the purpose of accepting service, or being served with process binding the corporation, for these depend in great measure upon the terms of the particular statutory provisions involved. Undoubtedly, the Congress had the power, in permitting, or recognizing the right of, foreign corporations to conduct business in the District of Columbia, to designate the persons representing them who might be served with process in actions brought against them therein. In exercising this power the Code provides that such service may be had, not only upon the agent, but also upon the "person conducting its business."

This additional provision would seem to have been made for the express purpose of preventing some of the controversies that have arisen under statutes of like general intention in respect of the facts sufficient to constitute one an agent merely of a nonresident corporation.

Whether, then, Oulahan may be regarded as the agent of the defendant corporation is, in our view, immaterial. He was, at least, conducting the business which, as has been held, the defendant was doing in the District of Columbia at the time of the service of the summons upon him. We are of the opinion that the service of the summons was effectual to bring the defendant before the court. The judgment vacating the return will therefore be reversed with costs, and the cause remanded for further proceedings in due course of procedure. It is so ordered.                                                *Reversed.*