**DISTRICT GROCERY STORES, Inc.**

v.

**BRUNSWICK QUICK FREEZE CO.**

No. 1495.

Municipal Court of Appeals for the
District of Columbia.

Argued June 15, 1954.

Decided June 29, 1954.

John A. Beck, Washington, D.C., for appellant.

John F. Cooney, Washington, D.C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

This is an action for breach of implied warranty of wholesomeness of food sold for human consumption. It was originally commenced against the individual proprietor of a grocery store by a purchaser of a package of frozen shrimp who became ill after eating them. The store owner filed a third party complaint against District Grocery Stores, the present appellant, from whom he had purchased the shrimp. District Grocery Stores in turn filed a third party complaint against Brunswick Quick Freeze Company, appellee, a Georgia corporation, which had packaged the shrimp in question at its Georgia plant and sold them to appellant. Process was served on J. Wilmer Morris who had negotiated the sale to District Grocery Stores on behalf of Brunswick. The Brunswick Company appeared specially and moved that service of process be quashed. The trial court granted the motion, and the case went to trial without Brunswick and resulted in the award of damages against District Grocery Stores.

On this appeal we are asked to reverse the action of the trial court in granting the motion to quash service of process. Appellant argues that Brunswick is doing business in the District so as to make it amenable to service of process here, and that Morris was the proper party to receive service of process for Brunswick. Thus the question for decision is actually twofold: whether Brunswick is doing busi-

ness in the District of Columbia, and, if so, whether service of process upon Morris was proper.

■ As to the first part of the question, little need be said. The official statement of proceedings and evidence states affirmatively that Brunswick "admits doing business in the District of Columbia." But even without that admission the record leaves no doubt on the subject. The evidence was that it is the practice of Brunswick to ship its products to a warehouse in the District, where they are stored in its own name. Morris, who acts for other companies as well as Brunswick, sells these products to local grocers, orders them delivered to the purchaser and when necessary notifies the company to replenish its stock in the warehouse. Sales made by Morris are final and are not subject to approval by Brunswick, although that company upon receiving notice of the sale bills the customer directly. In short, there is a continuous and systematic course of business activity in the District by Brunswick, including both regular storage and completed sales of its products. Under the decisions in this jurisdiction this activity was sufficient to establish that Brunswick is doing business within the District.[1]

■ It remains to be decided whether Morris was a proper person to receive service of process for Brunswick. Code 1951, § 13–103 provides: "In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or *person conducting its business* * * *." (Emphasis supplied.) "This additional provision would seem to have been made for the express purpose of preventing some of the controversies that have arisen under statutes of like general intention in respect of the facts sufficient to constitute one an agent merely of a nonresident corporation. Whether, then, [the person served with process] may be regarded as the agent of the defendant corporation is, in our view, immaterial. He was, at least, conducting the business which, as has been held, the defendant was doing in the District of Columbia at the time of the service of the summons upon him." [2]

So we need not here be concerned with the precise character of the relationship between Morris and the Brunswick Company. It is sufficient to say that Morris is clearly the person conducting the business of Brunswick in the District, and that service upon him gave "reasonable assurance" of actual notice reaching Brunswick.[3] Brunswick did of course receive notice of the suit and does not and cannot contend that service upon Morris was not likely to give it actual notice. Indeed the record shows that Morris is the only person in the District authorized to act for Brunswick, and if he cannot be served, then either Brunswick is not answerable to process of the District of Columbia courts (though it is admittedly doing business here), or some means of service less likely to inform it of the action would have to be adopted. Obviously neither result is reasonable nor warranted under the circumstances. We must hold that the service on Morris was proper and sufficient to bring Brunswick into court, and that the trial court erred in quashing service of process.

Order quashing service of process reversed.

1. Goldberg v. Southern Builders, 87 U.S. App.D.C. 191, 184 F.2d 345; Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926; Wendell v. Holland America Line, 40 App.D.C. 1; Lichtenberg v. Bullis School, Inc., D. C.Mun.App., 68 A.2d 586; Atlantic Coast Line R. Co. v. Goldberg, D.C.Mun.App., 39 A.2d 563. See also International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95.

2. Ricketts v. Sun Printing & Pub. Ass'n, 27 App.D.C. 222, 227; see also Wendell v. Holland America Line, supra.

3. International Shoe Co. v. State of Washington, supra, 326 U.S. at page 320, 66 S.Ct. at page 160.