Guynell KEY, Appellant,

v.

S. C. JOHNSON & SON, INC., Appellee.

No. 3151.

District of Columbia Court of Appeals.

Argued Jan. 28, 1963.

Decided March 28, 1963.

Milton Conn, Washington, D. C., for appellant.

John A. Beck, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellant brought suit for personal injuries allegedly caused by the negligent manufacture of an insecticide bomb. The trial court ruled that appellee corporation, defendant below, was not doing business in the District and ordered service of process quashed.

Appellee produces chemical specialties which are marketed extensively in the District of Columbia. Appellee's home office is located in Racine, Wisconsin, and it maintains a regional office and warehouse in Baltimore, Maryland. Salesmen from the Baltimore office come into the District to obtain orders from businessmen and deliveries are made from the warehouse in Baltimore.

Appellee maintains a local office for the exclusive use of its government liaison officer, whose business dealings are solely with government officials; he has no contact with appellee's Baltimore salesmen. Process was served upon him as agent of appellee.

■ The question we must decide is whether appellee's activities, apart from those of its government liaison officer, constitute "doing business" within the meaning of Code 1961, 13–103.[1] If so, we must hold the service valid, as it gave reasonable assurance that appellee would be notified.[2] Appellee, of course, was in fact notified.

■ As in other areas of the law, the concept of doing business has undergone an evolution but it would serve no useful purpose for us to document it in detail. It is evident, however, that a mechanical approach, with emphasis on a warehouse here or an office there, is no longer proper. The problem is one essentially of accommodating the federal system, with its inherent jurisdictional limitations, to a unitary economic system, with modern methods of marketing and distribution. For such methods make it unnecessary for a corporation to have an outlet in each jurisdiction while at the same time maintaining a steady flow of goods to that market. Reason dictates that the concept of doing business should be flexible enough to allow a state to exercise jurisdiction over the corporation in such a case.

This is especially true where the product sent into the area causes injury to a resident of that area. To decline jurisdiction in such a case would lead to the anomalous result that an injured party, at possibly great inconvenience to himself, must bring suit elsewhere than at the place where the injury occurred and where the corporation sent its goods, knowing that such an injury might happen. A corporation then by design could control the forum for personal injury suits. We do not think that should be permitted.

In International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the Court established a flexible guideline doing business concept. The Court there said:

> "* * * due process requires only that in order to subject a defendant to

---

1. "In actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business, or, in case he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, if there be no such place of business, by leaving the same at the place of business or residence of such agent in said District, and such service shall be effectual to bring the corporation before the court.
"When a foreign corporation shall transact business in the District without

having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District."

2. Weinstein v. Ajax Distributing Company, D.C.Mun.App., 116 A.2d 580 (1955); District Grocery Stores v. Brunswick Quick Freeze Co., D.C.Mun.App., 106 A.2d 134 (1954).

a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (326 U.S. at p. 316, 66 S.Ct. at p. 158; citations omitted.)

The Court continued:

" 'Presence' in the state in this sense has never been doubted when the activities of the corporation there have not only been continuous and systematic, but also give rise to the liabilities sued on, even though no consent to be sued or authorization to an agent to accept service of process has been given. * * *" (326 U.S. at p. 317, 66 S.Ct. at p. 159; citations omitted.)[3]

█ The Court stated that the word "presence" merely symbolizes those contacts within the state which are sufficient to satisfy the demands of due process, and that

" * * * those demands may be met by such contacts of the corporation with the state of the forum as make it reasonable, in the context of our federal system of government, to require the corporation to defend the particular suit which is brought there. An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business is relevant in this connection." (326 U.S. at p. 317, 66 S.Ct. at p. 158; citation omitted.)

In the final analysis the test is one of practicality, reasonableness and fairness.[4]

Appellee relies heavily on Traher v. De Havilland Aircraft of Canada, Ltd., 111 U.S.App.D.C. 33, 34, 294 F.2d 229, 230 (1961). There the United States Court of Appeals for the District of Columbia Circuit upheld the quashing of service of process upon a Canadian corporation in a suit brought by a Minnesota resident for a crash which occurred in Montana. The court there stated that "[t]he present suit has no connection with the District of Columbia or appellee's activities here * *." We deem that statement to be a sufficient distinction between that case and this.

We must hold that appellee is doing business here within the framework of the foregoing principles. Appellee obtains orders with full knowledge that its products will be delivered here and that injuries may occur. Appellee has not shown those activities were not continuous and systematic or that they were so sporadic as to make it unreasonable to defend here. We think it fairer that appellee should defend here than appellant should be compelled to bring suit elsewhere.

Reversed.

---

3. Accord, Mueller Brass Co. v. Alexander Milburn Co., 80 U.S.App.D.C. 274, 152 F.2d 142 (1945); Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926 (1943).

4. Hutchinson v. Chase & Gilbert, 45 F. 2d 139 (2d Cir., 1930).