Paul V. **FINEGAN**, Appellant,

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY** et al., Appellees.

No. 17616.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 31, 1963.

Decided Nov. 14, 1963.

Mr. Thomas G. Laughlin, Washington, D. C., for appellant.

Mr. Albert E. Brault, Washington, D. C., with whom Mr. Denver H. Graham, Washington, D. C., was on the brief, for appellee Lumbermens Mut. Cas. Co.

Mr. John F. Mahoney, Jr., Washington, D. C., with whom Mr. Charles E. Pledger, Jr., Washington, D. C., was on the brief, for appellees Mutual Ins. Agency, Inc., and John H. Kroll.

Before EDGERTON and PRETTYMAN, Senior Circuit Judges, and WILBUR K. MILLER, Circuit Judge.

PER CURIAM.

Appellant Finegan owned and operated a farm in Montgomery County, Maryland.[1] When he bought the property he telephoned an insurance agent with whom he had long done business (appellee Kroll). As a result he received several policies, duly executed by the Company, including one entitled "Farmers Comprehensive Personal Liability Policy". This policy was renewed from time to time and the premiums properly paid. An employee on the farm, one Nicholson, was injured in the course of his work on the farm. Finegan notified the insurance company, and the Company promptly advised him that he was not insured against such liability and recommended that he retain counsel to defend him in any suit on that account. Nicholson sued and obtained a judgment against Finegan in the amount of $10,-000. Thereupon Finegan sued the insurance company (Lumbermens Mutual Casualty Company), the insurance agency (Mutual Insurance Agency, Inc.), and the agent Kroll in a three-count complaint in the United States District Court. The first count was for breach of the contract of insurance; the second count was for reformation of the contract; and the third count was for negligence on the part of Kroll in not supplying him (Finegan) with protection against this sort of liability.

Nicholson was injured on or about January 2, 1956. The notice from the insurance company denying liability was under date of January 16, 1956, and was received on January 18, 1956. Finegan filed his suit against the companies and

---

1. He originally had two farms.

Kroll on January 12, 1960. The District Court granted summary judgment for the defendants, upon the grounds that the policy of insurance did not cover the alleged damage; that the action for reformation, equitable in nature, was barred by laches; and that the negligence count was barred by the statute of limitations.

We find no error. The contract clearly stated that it did not cover liability for personal damages suffered by farm employees. This is clear at two places in the policy. The first is "Item 3" on the face of the policy, which states that "The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges." Below that provision is a columnar table. One column is headed "Premiums", and another column is headed "Coverages". In the latter column appears (in print) the item "Farms", with several subheads thereunder relating to various kinds of employees. No entry appears in the "Premium" column opposite this item or any of the subheads. Thus it was perfectly clear upon the face of the policy that no premium was being charged for coverage of "Farms" or farm employees. The second pertinent provision of the policy is under the general title "Exclusions". Subsection (d) reads: "This policy does not apply * * * under Coverages A and B, to bodily injury to or sickness, disease or death of (1) any farm employee while engaged in the employment of the insured unless farm employees are specifically declared in this policy; * * *." No farm employees were declared in the policy. Finegan's suit was filed four years after he learned from the insurance company that it denied liability, and this fact invoked the doctrine of laches and also raised the bar of the statute of limitations.

Finegan's charge of negligence was that Kroll, acting individually and as agent of the Agency and the Company, was negligent in writing and issuing the policy, in that he did not, as an insurance broker and salesman, inquire into the extent of coverage needed by Finegan, and that he (Kroll) knew or should have known that Finegan would from time to time have employees in the maintenance of the farm. He further alleged that he relied upon Kroll's assurance that he (Finegan) was "fully covered". The statute of limitations is "three years from the time when the right to maintain such action shall have accrued".[2] The right to maintain an action for the negligence here alleged clearly arose either when Finegan received the policy, which, as we have just shown, did not contain any coverage for injury to farm employees, or when Finegan received the letter from the insurance company specifically advising him that he was not covered for such liability. In either event Finegan's suit for negligence was barred by the statute.[3]

Affirmed.

---

2. D.C.Code, § 12–201 (1961 ed.).

3. Deer v. New York Cent. R. R., 202 F.2d 625 (7th Cir. 1953); Aachen & Munich Fire Ins. Co. v. Morton, 156 F. 654, 15 L.R.A.,N.S., 156 (6th Cir. 1907); Wilcox v. Executors of Plummer, 4 Pet. 172, 29 U.S. 172, 7 L.Ed. 821 (1830).