Morris KRON and Theresa J. Kron, Appellants,

v.

YOUNG & SIMON, INC., Appellee.

No. 5015.

District of Columbia Court of Appeals.

Argued March 3, 1970.

Decided May 5, 1970.

Howard B. Silberberg, Washington, D. C., with whom Nathan L. Silberberg, Washington, D. C., was on the brief, for appellants.

Edward J. Gorman, Jr., Washington, D. C., with whom Arthur V. Butler, Wheaton, Md., and James F. Rutherford, Washington, D. C., were on the brief, for appellee.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge.

This is an appeal from a judgment granting a motion to dismiss the complaint or alternatively for summary judgment. Morris Kron and Theresa J. Kron (hereinafter referred to as "Kron") sued Young & Simon, Inc. (hereinafter referred to as

"Young"), in May 1967, for failure to procure adequate homeowners' insurance coverage for him.

The pleadings of record reveal that Kron inquired of Young in 1957 about an insurance policy to cover his personal property and his home. He requested that Young insure him for "everything" and he expected to be fully insured. Young thereafter sent Kron a policy issued by Hanover Insurance Company (hereinafter referred to as "Hanover"), purporting to fulfill his requests. Kron at no time read the policy to insure that it met his desires. In 1962, Kron's residence was burglarized and personal property valued at approximately $7,900 was taken. Kron reported the loss to Young and shortly thereafter submitted a list of the articles taken and their value. Young submitted the list to Hanover and was subsequently informed, after full consideration of the claim, that most of the articles were not insured. Kron was dissatisfied and wrote Young in December 1962, demanding that it "take necessary steps to effect proper settlement." Young did undertake to persuade Hanover to modify its position, but was unsuccessful. Kron was so notified in April 1963. Attempts were also made to persuade Kron to accept the policy limits. They were all rejected.

At the outset, we are confronted with difficulties which counsel could have prevented. Of considerable difficulty is the inadequacy of the record on appeal. We are told in the briefs and it appears from the record on appeal, that Hanover was originally named the only defendant and that it filed a motion to dismiss based on Kron's failure to submit a timely proof of loss form as required under the policy and for failure to bring suit, as provided in the policy, within one year of the date of loss.

We are told in the briefs this motion was granted, but the record on appeal contains no order to that effect.

■ More important, however, is what next followed. Kron amended his complaint to name Young as defendant and charged it with breach of duty as referred to above. Young moved to dismiss asserting the action was barred for expiration of the statute of limitations.[1] Young contended, without citation of authority, that the cause of action arose on the date of loss.[2] The record on appeal contains no opposition by Kron or indication that the motion was denied, but the briefs inform us that it was denied. Thereafter, an additional motion to dismiss or alternatively for summary judgment was filed asserting failure to timely file a proof of loss form and failure to bring suit within the one-year period after loss. No written opposition appears in the record, but the record does contain an entry revealing, "Defendant's motion to dismiss granted." Again in the briefs we are told that this motion was granted on the grounds that the statute of limitations had expired. Nothing in the record indicates this was the basis of the decision. In any event, it is apparent that the court considered matter beyond the pleadings.[3] Therefore, the case may be considered as having been decided on a motion for summary judgment. *See* G.S. Civil Rule 12(b), and Richardson v. Rivers, 118 U.S.App.D.C. 333, 335, 335 F.2d 996, 998 (1964).

Thus far, two major shortcomings are apparent. First, the failure to file in the trial court or include in the record on appeal any oppositions by Kron to the latter two motions makes it impossible for this court to know what position, legal or factual, he took on the motions. The second

1. D.C.Code 1967, § 12–301.

2. Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson, 127 U.S.App.D.C. 93, 94, 381 F.2d 261, 262 (1967), cert. denied, 390 U.S. 946, 88 S.Ct. 1033, 19 L.Ed.2d 1135 (1968); Finegan v. Lumbermens Mut. Cas. Co., 117 U.S.App.D.C. 276, 278, 329 F.2d 231, 233 (1963).

3. Included were answers to interrogatories, a deposition, affidavits, and numerous exhibits.

relates to his assertion on appeal that Young was estopped to plead the statute of limitations. Nowhere in the record does it appear that Kron asserted he was "lulled" into inaction by anything said or done by Young. McCloskey & Co. v. Dickinson, D.C.Mun.App., 56 A.2d 442, 444 (1947). Indeed, the record shows that Kron, on first having his claim disallowed, expressed dissatisfaction to Young for not obtaining adequate coverage and demanded that Young "take the necessary steps to effect proper settlement."

Appellant's "Statement of the Case" contains at the beginning many single-sentence statements of fact, each with a specific reference, in parentheses, to a supporting part of the record on appeal. He then states, "YOUNG assured KRON orally and in writing that it would in some manner resolve the problem." (Br. for appellant at 2.) We are merely referred to the "(Record)" as support for such factual statement. On our review of the record, this statement in the brief fails to persuade us that there exists a well-pleaded issue of fact, potentially supporting the claim of estoppel, requiring trial.

▮▮▮ Therefore, having the burden on appeal,[4] and failing to demonstrate error, Kron may not prevail. If he wished to resist the claim of expiration of the statute of limitations on the ground of estoppel, it was necessary for him to assert the existence of a genuine issue of material fact by filing the appropriate statement in conjunction with an opposition. *See* G.S. Civil Rule 56(e). *See also* Rule 56(e), Fed. R.Civ.P. He may not rely on matter asserted in argument, oral or written, to create the factual predicate for a trial. Sardo v. McGrath, 90 U.S.App.D.C. 195, 197–198, 196 F.2d 20, 22–23 (1952); cf. Goldman v. Summerfield, 94 U.S.App.D.C. 209, 210, 214 F.2d 858, 859 (1954); Harmatz v. Zenith Radio Corp., D.C.App., 265 A.2d 291 (decided today). We will not permit him to rely on extra-record asser-

tions in his brief to carry his burden on appeal. Accordingly, having failed to demonstrate error in the decision of the trial court, the judgment is

Affirmed.

4. Lee v. Habib, 424 F.2d 891 (D.C.Cir., 1970).