**Marvin T. HARMATZ, Appellant,**

**v.**

**ZENITH RADIO CORPORATION,**
**Appellee.**

**No. 5093.**

District of Columbia Court of Appeals.

Argued March 18, 1970.

Decided May 5, 1970.

Marvin T. Harmatz, pro se.

Chandler L. van Orman, Washington, D. C., for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

PER CURIAM:

Appellant filed a complaint in the Court of General Sessions for an "action for breach of warranty of merchantability" and joined as defendants, the Joseph M. Zamoiski Company, and the Zenith Radio Corporation, "c/o the Joseph M. Zamoiski Company." Zamoiski is apparently not a District of Columbia corporation, because the complaint reflects that service was made on its registered agent in the District of Columbia. *See* D.C. Code 1967, § 13-334(a). The record does not disclose how service was ever made on Zenith, except to suggest that it was simply made by serving the complaint on Zamoiski's agent.

■ The complaint alleges that both defendants are doing business in the District, that appellant purchased a Zenith color television from Zamoiski, appellee's "local distributor and agent," and that the set "has at all times thereafter proven defective and unmerchantable." Zenith filed a motion to dismiss for lack of jurisdiction. GS Civ.Rule 12(b) (2). Zenith also submitted an affidavit of one Kuhajek, the Assistant Secretary and Assistant Treasurer of Zenith, setting forth facts tending to show that it did not do business in the District. By the submission of the affidavit, Zenith's motion became one for summary judgment, GS Civ.Rule 12(c), governed by GS Civ.Rule 56. However, in spite of the opportunity afforded him by GS Civ.Rule 56(e), appellant chose not to present any evidence in the form of an affidavit or otherwise on the question of whether Zenith did business in the District. So far as the record on appeal discloses, appellant relied solely on the conclusory allegation in his complaint that Zenith was doing business in the District of Columbia. The trial court granted Zenith's motion and dismissed the action against Zenith.

■ On appeal, appellant asserts that the court erred in holding that Zenith did not do business in the District and dismissing his complaint against Zenith. He has presented in his brief and at oral argument a number of statements of fact in support of his position that Zenith was doing business within the meaning of D.C. Code 1967, § 13-334(b). Our function of review precludes the conduct of a trial de novo and we are confined to a "review of the record on appeal," D.C.Code 1967, § 17-305(a).

■ Appellant suggests that during oral argument to the trial court he did present numerous facts to support his contention that appellee was doing business in the District of Columbia. Legal arguments are, of course, not evidence [1] and the Statement of Proceedings and Evidence before us indicates that his statements to the trial court were not in the form of testimony.[2]

■ Upon consideration of the only material admissible under Rule 56(c) in the

---

1. *See* Sardo v. McGrath, 90 U.S.App.D.C. 195, 197-198, 196 F.2d 20, 22-23 (1952) ; Kron v. Young & Simon, Inc., D.C.App., 265 A.2d 293 (decided today).

2. Appellant conceded at oral argument before this court that he did not testify as a witness under oath at the hearing on the motion before the trial court.

record, appellee's affidavit and appellant's complaint, we cannot hold that appellee was doing business in the District. *See generally* Key v. S. C. Johnson & Son, Inc., D.C.App., 189 A.2d 361 (1963).

Affirmed.