**Annie CARTER**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Appellant.**

**No. 83–1858.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 14, 1985.

Decided June 14, 1985.

Jordan S. Himelfarb, Washington, D.C., for appellant.

Patrick J. Christmas, Washington, D.C., with whom Joseph A. Blaszkow, Washington, D.C., was on the brief, for appellee.

Before WALD and BORK, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge McGOWAN.

McGOWAN, Senior Circuit Judge:

This personal injury suit requires us to decide an apparently novel question regarding the statute of limitations: Does the filing of a suit in the local D.C. court toll the statute of limitations with respect to a suit filed in the federal courts raising the same claim, where the latter suit is filed after the local trial court rules itself without jurisdiction in the case, but before the local appellate court reverses the local trial court and decides that jurisdiction properly obtained below? We hold that the suit in the federal courts is barred by the statute of limitations.[1]

**I**

On March 17, 1975, Annie Carter was allegedly injured while riding a bus of the defendant, the Washington Metropolitan Area Transit Authority. She filed suit in the Superior Court of the District of Columbia on August 30, 1977, within the District of Columbia's three-year statute of limitations for negligence actions. D.C. Code § 12–301(8) (1981). On December 4, 1981, the Superior Court granted the defendant's motion to dismiss Ms. Carter's claim for lack of jurisdiction. She filed a timely appeal with the D.C. Court of Appeals, the local appellate court.

---

**1.** We therefore need not reach the other issues raised on appeal.

On June 29, 1982, more than three years after her accident, Ms. Carter filed suit in the United States District Court for the District of Columbia. The defendant's efforts to have the case dismissed as barred by the statute of limitations were unsuccessful. On May 6, 1983, the trial of the case began before a federal magistrate.[2] On May 11, 1983, the jury awarded Ms. Carter $350,000.

Meanwhile, back in the local D.C. courts, the D.C. Court of Appeals had ruled on January 26, 1983, that the D.C. Superior Court did in fact have jurisdiction to hear Ms. Carter's claim. *See Qasim v. Washington Metropolitan Area Transit Authority,* 455 A.2d 904 (D.C.) (*en banc*), *cert. denied,* 461 U.S. 929, 103 S.Ct. 2090, 77 L.Ed.2d 300 (1983). The D.C. Court of Appeals therefore remanded Ms. Carter's case to the Superior Court, where it is now pending.

## II

Ms. Carter filed her claim in the federal courts more than six years after the precipitating events. Less than three years elapsed between these events and her filing in the local D.C. court, and that case remains pending to this day. If the pendency of her claim in the local D.C. courts did not toll the District of Columbia's three-year statute of limitations for purposes of her suit in the United States District Court, she is barred from bringing her claim before the federal courts.[3]

We decide this question by reference to the law of the District of Columbia.[4] Under the *Erie* doctrine, *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the relevant state law controls whether, in a statute-of-limita-

tions case before a federal court on diversity jurisdiction, a pending case tolls the statute of limitations. *See Walko Corp. v. Burger Chef Systems, Inc.,* 554 F.2d 1165, 1171–73 (D.C.Cir.1977) (certifying this question to Maryland's state court); *see also Walker v. Armco Steel Corp.,* 446 U.S. 740, 748–53, 100 S.Ct. 1978, 1984–86, 64 L.Ed.2d 659 (1980) (state law controls whether actual notice is necessary to toll statute of limitations); *Guaranty Trust Co. v. York,* 326 U.S. 99, 110–12, 65 S.Ct. 1464, 1470–71, 89 L.Ed. 2079 (1945) (federal court cannot use its equity jurisdiction to hear a diversity suit that would be barred by state statute of limitations if brought in state court). And although the *Erie* doctrine does not extend to federal courts sitting in the District of Columbia, such courts have applied D.C. law analogously to state law under *Erie. See, e.g., Steorts v. American Airlines,* 647 F.2d 194, 196–97 (D.C.Cir.1981) (using D.C. choice of law of statute of limitations in personal-injury suit); *Mariner Water Renaturalizer of Washington, Inc. v. Aqua Purifications Systems, Inc.,* 665 F.2d 1066, 1068 n. 3 (D.C.Cir.1981) (using D.C. law in contractual dispute).

Two doctrines might conceivably be advanced to support the argument that the Superior Court filing tolled the statute of limitations with respect to the suit in the federal courts. The first is the doctrine of equitable estoppel, which holds that wrongful and affirmative conduct by a defendant may toll the statute of limitations when that conduct causes the plaintiff justifiably to refrain from filing suit. *See Alley v. Dodge Hotel,* 551 F.2d 442, 446–47 (D.C. Cir.) (per curiam) (setting forth standard but holding plaintiff failed to show necessary conduct by defendant), *cert. denied,*

---

**2.** The parties agreed to the use of the magistrate to preside at trial. This procedure is constitutional. *See Fields v. Washington Metropolitan Area Transit Auth.,* 743 F.2d 890 (D.C.Cir.1984); *Wharton-Thomas v. United States,* 721 F.2d 922 (3d Cir.1983).

**3.** We assume that she has not filed similar claims in any federal court besides that of the District of Columbia.

**4.** It is undisputed that we are to apply the District of Columbia's three-year statute of limitations to this case. *See Byers v. Burleson,* 713 F.2d 856, 859 n. 4 (D.C.Cir.1983); *see also Wilson v. Johns-Manville Sales Corp.,* 684 F.2d 111, 115 (D.C.Cir.1982).

431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed. 277 (1977); *Kron v. Young & Simon, Inc.*, 265 A.2d 293, 295 (D.C.1970) (holding that plaintiff failed to show genuine issue of material fact on equitable estoppel claim). The appellant goes to some lengths to distinguish the facts of this case from the situations in the equitable estoppel cases. The appellee has explicitly conceded that it does not seek here to assert equitable estoppel as a ground for upholding the decision below. Appellee's Brief at 18 n. 4. We agree with both parties that, given the facts of this case, the doctrine does not apply here.

The second, and more relevant, doctrine involves the effect upon the statute of limitations of the pendency of an action in another court. Although the particular sequence of events in this case is unusual enough to make existing case law less than dispositive, a review of the cases presenting related facts is nonetheless useful.

In *Dupree v. Jefferson*, 666 F.2d 606 (D.C.Cir.1981), this court was faced with a claim that would be barred in the District Court by the D.C. statute of limitations unless a related action, involuntarily dismissed by the District Court without prejudice, tolled the statute. The court quoted with approval, *id.* at 610, the general rule laid down by the United States Supreme Court:

> [I]f a plaintiff mistakes his remedy, in the absence of any statutory provisions saving his rights, or where from any cause ... the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred.

*Willard v. Wood*, 164 U.S. 502, 523, 17 S.Ct. 176, 181, 41 L.Ed. 531 (1896). Citing an opinion of the D.C. Court of Appeals for the proposition that the statute of limitations was not tolled by a pending action voluntarily dismissed, *York & York Construction Co. v. Alexander*, 296 A.2d 710 (D.C.1972), the *Dupree* court held that the statute of limitations was not tolled by a pending action involuntarily dismissed. 666 F.2d at 611.

We must view the precise precedential weight of *York & York Construction Co.* somewhat differently than did the *Dupree* court.[5] Nonetheless, we agree that *York & York Construction Co.* certainly does not disapprove as a principle of local law the general doctrine set forth by the Supreme Court in *Willard v. Wood*: a pending action does not toll the statute of limitations when the plaintiff mistakes his remedy. That principle was explicitly endorsed as applying to the District of Columbia by this court in *Dupree.*

Both *York & York Construction Co.* and *Dupree*, of course, involved pending cases that had actually been dismissed. Under such circumstances, a ruling that the statute of limitations had run would serve the interests of finality. Since the suit filed within the statute of limitations

---

5. The *Dupree* court states that the *York & York Construction Co.* court *"held* that the pendency of an action voluntarily dismissed without prejudice does not interrupt the running of the statute of limitations." *Dupree v. Jefferson*, 666 F.2d at 610 (emphasis added and omitted). In fact, the D.C. Court of Appeals reached this question in *York & York Construction Co.* only in dicta. The issue there was whether the statute of limitations had run after one trial judge had dismissed without prejudice the corporate plaintiff's suit for failure to pay the required fees and stated that the suit "should be reinstated" upon payment of the fees, but a second trial judge ruled that reinstatement was not contemplated by the relevant statute and that the statute of limitations had run. 296 A.2d at 712. On appeal, the court did not discuss the effect of a pending suit on the statute of limitations because it held that the relevant statute did in fact allow reinstatement:

> Under the general rule, the statute of limitations is not tolled by the pendency of an action which is voluntarily dismissed without prejudice.... However, we need not reach the question of whether voluntary and involuntary dismissals without prejudice should be treated the same for purposes of tolling the statute of limitations, because reinstatement, in the circumstances of this case, would restore the action to its predismissal status and, hence, no statute of limitations question would be presented. As will be seen, Section 29–941(b) [of the D.C.Code] does not foreclose reinstatement once the fees are paid, nor does it require immediate dismissal when nonpayment is brought to the court's attention.

> *Id.* (footnotes omitted).

had been dismissed, dismissing the suit brought later would leave the plaintiff no alternatives, and the claim would be foreclosed. Although this may be a harsh or even arbitrary result, finality of outcome, regardless of the merits of the claim, is exactly the purpose of the statute of limitations that the legislature has enacted. As the United States Supreme Court said in a case involving a federal cause of action:

> [Statute of limitations] periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Remedies for resulting inequities are to be provided by Congress, not the courts.

*Kavanagh v. Noble,* 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150 (1947) (citations omitted); *see also Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628 (1945) (statutes of limitations are by definition arbitrary, and are the choice of the legislature, not the judiciary).

Many state legislatures have mitigated the harshness of the statute of limitations by enacting provisions that allow transfer within the state from one court to another when venue is improper, or otherwise allow a plaintiff who has committed procedural error in an action timely filed to proceed with his claim. *See Burnett v. New York Central Railroad Co.,* 380 U.S. 424, 431 nn. 8 & 9, 85 S.Ct. 1050, 1056, nn. 8 & 9, 13 L.Ed.2d 941, nn. 8 & 9 (1965) (listing thirty-one states with transfer-of-venue provisions and thirty-one states with "savings" provisions). The District of Columbia, however, has enacted no such provisions. We must

thereby infer that the District of Columbia particularly wishes that its statute of limitations be respected. *Cf. Walko Corp. v. Burger Chef Systems, Inc.,* 281 Md. 207, 378 A.2d 1100 (1977) (strictly interpreting statute of limitations in light of precedents, and absence of savings provisions, in Maryland). Courts have interpreted the law of the District of Columbia to force plaintiffs to adhere strictly to the requirements of the statute of limitations. *See supra* 855–856; *cf. Kleiboemer v. District of Columbia,* 458 A.2d 731, 733–36 (D.C.1983) (barring plaintiffs' suit for tax refund under statutory provision setting time limit on latest allowable date for filing claim of overpayment), *cert. denied,* —— U.S. ——, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984).[6]

At the same time, it is clear that courts do hesitate to prevent plaintiffs with valid claims from receiving their day in court, and that courts are therefore occasionally willing to create exceptions to the statute of limitations when the inequity of enforcing the statute in all its exactitude is particularly glaring. *See supra* p. 855 (doctrine of equitable estoppel); *cf. Burns v. Bell,* 409 A.2d 614, 617 (D.C.1979) (statute of limitations begins to run upon discovery of injury from medical malpractice rather than upon actual occurrence of injury).

The posture of this case is somewhat unusual. Because the D.C. Court of Appeals overturned the D.C. Superior Court's decision that it had no jurisdiction to hear Ms. Carter's claim, the plaintiff's case has not been dismissed from the local D.C. courts. The interests of finality would therefore not be served by our dismissing

---

**6.** The strictness of the District of Columbia with regard to the statute of limitations is especially important in light of a number of federal cases interpreting the statute of limitations more generously. *See American Pipe Constr. Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (discussing interaction of statute of limitations with class-action provisions of Federal Rules of Civil Procedure); *Burnett v. New York Cent. R.R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (allowing transfer for improper venue to go forward even after statute of limitations has technically run on claim under Federal Employers' Liability Act); *Bethel v. Jefferson,* 589 F.2d

631 (D.C.Cir.1978) (allowing plaintiffs with federal employment-discrimination claim to go forward because of uncertain state of the law on exhaustion of administrative remedies even after statute of limitations had technically run). In this personal-injury suit between private parties, however, no remotely compelling federal interest in overriding the local statute of limitations exists. The *Erie* doctrine dictates that we therefore owe the greatest respect to the law of the District of Columbia. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–80, 58 S.Ct. 817, 822–823, 82 L.Ed. 1188 (1938).

the suit, since the case will continue in the local courts even if we bar it from the federal courts.[7] Indeed, one might well argue that the interest in finality favors our letting the case go forward in the federal courts, since the case has already been appealed from a jury verdict here but is still in the pre-trial stages in the local courts.

The specific rule of *Dupree*—that the suit of a plaintiff who mistakes her remedy does not toll the statute of limitations—is therefore not directly applicable here. We are not faced with a plaintiff who mistook her remedy, but rather with a local trial court that mistook its jurisdiction. It is thus unsurprising that the rule of *Dupree*, which there served the interests of finality, does not serve such interests here.

At the same time, however, the interest typically opposed to the interest in finality—avoiding results that deny those with a valid claim their day in court—is also absent from this case. If we hold Ms. Carter's action is barred by the statute of limitations, she is not without redress. The remedies available to her from the local courts are as extensive as those available to her in this court. We are thus left with little specific guidance with respect to this particular case.

▮ Nonetheless, the *general* rule that one can glean from all the cases discussed above is that courts should apply the statute of limitations strictly, even though barring actions often seems arbitrary and inequitable. In the cases where pendency of an action did not toll the statute of limitations, the plaintiff was denied any remedy. Exceptions to the general rule of strict application are seen as justifiable only when the court perceives that an extraordi-

narily inequitable outcome would otherwise obtain. Here, the inequity of preventing a plaintiff with a valid claim from having access to any court is absent. We therefore hold· that the statute of limitations bars Ms. Carter's claim in this court.

We are aware that some inequity in barring the action remains, in that the plaintiff here must now press her suit through trial and appeal in another court. We believe, however, that this is a misfortune of comparatively little magnitude compared to being completely denied a remedy. Even this latter, much greater misfortune outweighs the need to enforce strictly the statute of limitations only in exceptional circumstances. We therefore choose not to exempt from the statute of limitations a plaintiff to whom remedies remain available in another court.

*Vacated and Remanded.*

---

7. Another purpose of the statute of limitations is to provide timely notice to the defendant in order to prevent his having to defend himself against stale claims. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 554–55, 94 S.Ct. 756, 766–67, 38 L.Ed.2d 713 (1974) (statute of limitations gives notice to defendants); *District of Columbia ex rel. W.J.D. v. E.M.,* 467 A.2d 457, 464 (D.C.1983) (purpose of statute of limitations is to prevent stale claims); *cf. Weisberg v. Williams, Connolly & Califano,* 390 A.2d 992, 996 (D.C.1978) (fraudulent conceal-

ment is not a defense to statute of limitations when plaintiff on notice of underlying injury, after concealment has ended, for period of time sufficient for statute to run). This purpose has already been served by the plaintiff's bringing the suit in the D.C. Superior Court within the time set out by the statute of limitations. Allowing the case to go forward here would not, therefore, allow the prosecution of a stale claim resulting in an unfair burden upon the defendant.