**DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS, Appellant,**

v.

**Phinis JONES, Appellee.**

No. 84–503.

District of Columbia Court of Appeals.

Argued June 6, 1985.

Decided July 24, 1985.

William H. Lewis, Washington, D.C., for appellant.

Matthew S. Watson, Washington, D.C., for appellee.

Before NEBEKER, MACK and TERRY, Associate Judges.

NEBEKER, Associate Judge:

The District of Columbia Board of Elections and Ethics (Board) appeals the trial court's order awarding attorney's fees to the proposer of an initiative. This appeal was taken while the appeal from the trial court's holding on the merits of the initiative ruling was pending in this court. Later this court reversed what had been a ruling favorable to the proposer. The Board argues that D.C.Code § 1–1320(b)(3) (Supp.1984),[1] permitting the award of attor-

---

1. D.C.Code § 1–1320(b)(3) (Supp.1984) pro-     vides, in pertinent part: "Should the Superior

ney's fees, was not intended to allow such an award to a proposer who does not ultimately prevail in the underlying litigation. We agree and accordingly reverse.

## I

In August 1983, appellee Jones submitted to the Board, pursuant to D.C.Code § 1–1320 (Supp.1984), an initiative proposal entitled "District of Columbia Unemployment Compensation Act of 1984." Section 1–1320 permits registered qualified electors of the District of Columbia to propose initiatives to the electorate, for their adoption as laws, with some exceptions. The Board heard oral argument and, in October, issued an opinion rejecting the initiative on the ground that it would require the appropriation of funds, in contravention of D.C. Code § 1–1302(10) (1981). *Convention Center Referendum Committee v. District of Columbia Board of Elections and Ethics*, 441 A.2d 889 (D.C.1981) (en banc). Further, the initiative would negate or limit an act of the City Council, contrary to D.C.Code § 1–1320(b)(1)(D) (Supp.1984).

Jones subsequently applied to the Superior Court for a writ of mandamus, pursuant to D.C.Code § 1–1320(b)(3) (Supp.1984), requesting that the court determine the initiative appropriate and order the Board to accept it. Jones and the Board filed cross motions for summary judgment, and Jones' motion was granted. A week later, Jones filed a motion for attorney's fees, which the Board opposed but the court granted after appeal of the decision on the merits was taken. Subsequently, this court reversed the grant of summary judgment in favor of Jones, holding that the District of Columbia Unemployment Compensation Initiative of 1984 was not a proper subject for the initiative process. *District of Columbia v. Jones*, 481 A.2d 456 (D.C.1984).

## II

The general rule concerning attorney's fees, termed the "American Rule," states that absent statutory authority, "the prevailing party may not recover attorneys' fees as costs or otherwise." *Trilon Plaza Co. v. Allstate Leasing Corp.*, 399 A.2d 34, 37 (D.C.1979) (quoting *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 245, 95 S.Ct. 1612, 1615, 44 L.Ed.2d 141 (1975)). The issue before the court in this case, therefore, is whether D.C.Code § 1–1320(b)(3) (Supp.1984) creates an exception to the American Rule under the present circumstances, where the Superior Court's ruling in favor of a proposer was reversed on appeal. Jones argues that because the trial court deemed his proposal appropriate for an initiative, the Superior Court "[held] in favor" of him, thereby satisfying § 1–1320(b)(3)'s test for authority to grant attorney's fees. He further contends that the later reversal on the merits does not alter the fact that the Superior Court "[held] in favor" of him. We disagree.

Section 1–1320(b)(3) was incorporated into the D.C.Code by an amendment passed by the Council in 1981. Prior to that, the statute provided for mandatory, rather than discretionary, attorney's fees when the Superior Court held in favor of a proposer. D.C.Code § 1–1320(e)(3) (1981). The legislative history for neither version of § 1–1320 reflects any discussion of the "hold in favor of" language. In the absence of any interpretive guidance from the Council, we must construe that phrase in a manner defying neither common sense nor the established rule that "complete failure will not justify shifting fees from the losing party to the winning party." *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 684, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983). Accordingly, we hold that the phrase "hold in favor of" does not encompass an order or judgment of the Superior Court from which a timely appeal is taken, until and unless that judgment is affirmed. It is well settled that in cases such as this, when

Court of the District of Columbia hold in favor of the proposer, it may award court costs and reasonable attorneys' fees to the proposer."

a judgment is entered in a trial court and a notice of appeal subsequently filed, the judgment does not become final until the appellate court issues its mandate. *Cf. Carter v. Washington Metropolitan Area Transit Authority,* 764 F.2d 854, 857 (D.C. Cir.1985). Thus, the Superior Court never "held in favor of" Jones and § 1–1320(b)(3) (Supp.1984) was prematurely and erroneously given effect.

Accordingly, we reverse the trial court's order awarding attorney's fees to appellee Jones.

*So ordered.*