Clifford R. WYMER, et. ux., Plaintiffs,

v.

Lawrence S. LESSIN, M.D., et al., Defendants.

Clifford R. WYMER, et ux., Plaintiffs,

v.

Clara CHAN, M.D., Defendant.

Civ. A. Nos. 84-0444, 85-1941.

United States District Court, District of Columbia.

Dec. 20, 1985.

Aubrey M. Daniel, III, Jeffrey D. Ubersax, Williams & Connelly, Washington, D.C., for plaintiffs.

R.G. Guziak, Brault, Graham, Scott & Brault, Washington, D.C., for Clara Chan.

## ORDER

(Denying Defendant Chan's Motion to Dismiss)

BARRINGTON D. PARKER, District Judge.

This is a medical malpractice action arising from plaintiff Clifford Wymer's contraction of hepatitis following oral surgery on February 24 and 25, 1981. The original defendants were the dentist who performed the surgery and four doctors involved in the management of Mr. Wymer's hemophiliac condition during the surgery. Now before the Court is defendant Chan's motion to dismiss. Upon consideration of the motion, the Court concludes that it should be denied.

The material facts are briefly stated. This proceeding was set for trial on June 10, 1985. On that date, after the jury had been impaneled, it was revealed that Dr. Chan was not a U.S. citizen when the complaint was filed. Since the plaintiffs were foreign citizens as well, complete diversity between the parties was lacking and this Court had no jurisdiction to hear the case. Because of this development, the action against Dr. Chan was dismissed without prejudice.

Dr. Chan became a U.S. citizen on June 4, 1984, approximately four months after

the original complaint was filed. After the dismissal of June 10, 1985, plaintiff filed a new action against Dr. Chan which was consolidated with the original suit against the remaining defendants. Dr. Chan has moved to dismiss the case against her since it was filed after the applicable three year statute of limitations for negligence action in the District of Columbia. *See* D.C.Code § 12–301(8) (1981). She argues that since the injury which is the source of this action occurred in March of 1981, the second suit, which was filed on June 14, 1985, is barred.

Many states have enacted statutes that deal with precisely this situation. These provisions, often referred to as "savings statutes," allow plaintiffs to refile complaints within a certain period of time if the original complaint is dismissed without prejudice for procedural defects. *See Burnett v. New York Central Railroad Co.*, 380 U.S. 424, 431–32 & n. 9, 85 S.Ct. 1050, 1056–57 & n. 9, 13 L.Ed.2d 941 (1965). The District of Columbia, however, has no such statute. In *Carter v. Washington Metropolitan Transit Authority*, 764 F.2d 854 (D.C.Cir.1985), our Circuit Court held that the absence of a savings statute indicates that "the District of Columbia particularly wishes that its statute of limitations be respected." *Id.* at 857.

Nonetheless, as the *Carter* court noted, the courts have long recognized that the doctrine of equitable estoppel can be invoked to prevent an unjust application of the statute of limitations. *See Carter*, 764 F.2d at 855. Under that doctrine, a defendant cannot rely on the statute if his conduct has tended to lull the plaintiff into inaction, permitting the statute to run. *Alley v. Dodge Hotel*, 551 F.2d 442, 446–47 (D.C. Cir.1977) (per curiam), *cert. denied*, 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed.2d 277

(1977). Plaintiffs convincingly argue here that this doctrine should prohibit Dr. Chan from availing herself of the statute of limitations.

Specifically, plaintiffs assert that the statute of limitations expired because Dr. Chan did not state her true citizenship in a ·motion to dismiss the original complaint, but instead answered the complaint and denied knowledge of the facts necessary to respond to the plaintiffs' allegations of diversity jurisdiction. They argue that Dr. Chan should not benefit because of the misleading statements in her own pleadings. Had the plaintiffs learned of Dr. Chan's citizenship at the time a responsive pleading was due, they could have refiled their action in the D.C. courts well within the three year limitations period.[1]

The Court finds that it would be harsh and inequitable to penalize the plaintiffs for the shortcomings of Dr. Chan's answer. This is particularly true because if this motion to dismiss is granted, plaintiffs would also be barred from suing Dr. Chan in D.C. Superior Court. *Cf. Carter*, 764 F.2d at 858 (noting that local remedies remained to the plaintiff). Dr. Chan's failure to deny U.S. citizenship in her answer was a result of her counsel's failure to make reasonable inquiry into that matter.[2] Since Dr. Chan's citizenship is a fact peculiarly within her knowledge, the plaintiffs relied on her answer to know whether their action was properly before the Court. The failure to deny citizenship deprived the plaintiffs of the opportunity to remedy the flaw in their complaint within the statute of limitations. As a consequence, the defendant should not be allowed to avail herself of the statute of limitations bar.

Accordingly, it is this 20th day of December, 1985

---

1. Plaintiffs' cause of action accrued on March 30, 1981, the date that he learned from his physician that he had hepatitis and therefore knew of the injury he had suffered. *See Burns v. Bell*, 409 A.2d 614, 617 (D.C.1979). Dr. Chan received service of the complaint on February 13, 1984. A timely answer or motion to dismiss should have been filed by March 4, 1984. While it is true that Dr. Chan's answer was not actually filed until March 30, the extension was requested by Dr. Chan's lawyer and acquiesced in by the plaintiffs. The delay therefore does not defeat plaintiffs' equitable argument.

2. For a more complete discussion of this determination, see the accompanying order upholding the plaintiffs' appeal from the Magistrate's order of August 15, 1985.

**ORDERED**

That defendant Chan's motion to dismiss is denied.