**HILL–LANHAM, Inc., Plaintiff,**

v.

**LIGHTVIEW DEVELOPMENT CORP.,**
Defendant.

Civ. A. No. 33–57.

United States District Court
District of Columbia.

Jan. 31, 1957.

Reuben Bonnett, Washington, D. C., for plaintiff.

Irving Pressman, Washington, D. C., for defendant.

McGUIRE, District Judge.

This is a suit brought by the plaintiff, a so-called foreign corporation at the time of its institution, against the Lightview Development Corporation, also a foreign corporation, for debt in the nature of money owed as a consequence of goods sold and delivered.

The suit was filed January 7 of the current year and coincident therewith certain attachments before judgment were made. Subsequently, this motion to dismiss the complaint and to quash the attachments was made, based upon the fact that the plaintiff corporation was doing business in the District of Columbia in violation of law. T. 29–901 et seq. (June 8, 1954, 68 Stat. 179, Ch. 269, § 1, effective December 5, 1954, et seq.) Section 934f (D.C.Code 1951 edition) provides specifically:

> "(a) No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority \* \* \*"

Subsection (b) of the same chapter, although not alluded to as pertinent by counsel in argument, nevertheless has a bearing. It reads as follows:

> "(b) The failure of a foreign corporation to obtain a certificate of authority to transact business in the District shall not impair the validity of any contract or act of such corporation, and shall not prevent such

corporation from defending any action at law or suit in equity in any court of the District * * * "

Statutes of the character that we are concerned with here, oddly enough, are not new. They have been in vogue, so to speak, in many jurisdictions for a long time. As a matter of fact in Illinois and Minnesota, for example, the period of time runs back over fifty years, and the same can be said of a similar statute in Massachusetts.

The simple question here is whether or not the prohibition referred to in Subsection (a) alluded to above is absolutely prohibitive or merely suspensory until compliance. An examination of the statute itself and the sections set forth above would lend itself to the latter conclusion because, as subsection (b) indicates, such a corporation found without a certificate of authority to transact business in the District is not prohibited from defending any action at law or in equity nor, as a consequence of this failure, is there any impairment of the validity of any contract entered into, or any act of the corporation itself in the furtherance of its corporate business or affairs.

■ The authorities appear to be divided, but it seems that the better reasoning and the greater weight of authority is to the effect that from the preservation of the validity of contracts of such corporations as provided by such statutes notwithstanding their non-compliance with the law, that it can be argued reasonably and cogently that the real purpose of such is not to in any way inhibit the doing of business within the range of their corporate powers nor to put into the hands of those with whom they may do business, in reliance upon the contractual permission given by the statute, a weapon of substantial defense which might in some cases conceivably amount to immunity from liability. Actually, it would seem that the real purpose and the aim of such legislation was to bring such corporations under the supervision and the regulation of public officials charged with such responsibility to the end that the public may have the same information respecting their background and financial standing and their character and their management which is demanded of domestic corporations, and as a consequence, also to render them amenable to ordinary legal process.

■ It is to be noted further that the statute does not say that an action shall not be *begun* nor that the Court shall not receive or entertain it, but only that it shall not be maintained—and there is a difference—until the corporation shall have complied with the law. It would seem, therefore, that non-compliance is a mere temporary disability and, therefore, capable of obviation at any stage of the proceedings.

Counsel for the defendant has argued with ability the contrary view. The Court, however, in the circumstances, feels that the view expressed by it is well and persuasively set forth in National Fertilizer Co. v. Fall River Five Cents Sav. B., 196 Mass. 458, 82 N.E. 671, 672, and 673, 14 L.R.A.,N.S., 561 (See also 75 A.L.R. 465, § V) which appears to represent the great weight of authority.

Motion denied. Order accordingly.