**FEDERAL LOOSE LEAF CORPORA-TION, a Corporation, Plaintiff,**

v.

**WOODHOUSE STATIONERY COMPA-NY, a Corporation, Defendant.**

Civ. A. No. 595–58.

United States District Court
District of Columbia.

June 12, 1958.

Ward B. McCarthy and Burton, Heffel-finger, McCarthy & Kendrick, Washington, D. C., for plaintiff.

George J. Goldsborough, Jr., and Mehler & Goldsborough, Washington, D. C., for defendant.

MORRIS, District Judge.

Plaintiff, a corporation incorporated under the laws of the State of New York, brings this suit, filed March 6, 1958, on a contract entered into in the District of Columbia for the manufacture and shipment of merchandise for the period December 1, 1956, to November 30, 1957. Defendant moved to dismiss the suit on the ground that plaintiff had failed to qualify as a foreign corporation under the provisions of the District of Columbia Business Corporation Act, c. 269, 68 Stat. 177, Sec. 119; District of Columbia Code (1951 Ed.), Sec. 29–934f, which provide:

"(a) No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the Dis-

trict until such corporation shall have obtained a certificate of authority. * * *

"(b) The failure of a foreign corporation to obtain a certificate of authority to transact business in the District shall not impair the validity of any contract or act of such corporation, and shall not prevent such corporation from defending any action at law or suit in equity in any court of the District.

"(c) A foreign corporation which transacts business in the District without a certificate of authority shall be liable to the District, for the years or parts thereof during which it transacted business in the District without a certificate of authority, in an amount equal to all fees and other charges which would have been imposed by this chapter upon such corporation had it duly applied for and received a certificate of authority to transact business in the District as required by this chapter and thereafter filed all reports required by this chapter; and in addition thereto it shall be liable for a penalty of not in excess of $500. The Commissioner shall bring proceedings to recover all amounts due the District under the provisions of this section. Such charges and penalties shall be paid to the District before any certificate of authority is issued to such foreign corporation."

Subsequent to the motion to dismiss, on April 2, 1958, plaintiff obtained from the Office of Superintendent of Corporations of the District of Columbia the certificate of authority, photostat copy of which has been filed herein, necessary to the compliance with the statute.

The authorities dealing with statutes of this character appear to be in conflict, some of which is attributable to the difference in the statutes of the several States. The better reasoned authority seems to hold, as stated in the case of National Fertilizer Co. v. Fall River Five Cents Sav. Bank, 196 Mass. 458, 82 N.E. 671, 672, 14 L.R.A.,N.S., 561, that

"[by the] preservation of the validity of contracts of foreign corporations, notwithstanding their noncompliance with the law, * * * the purpose of the statute is not to hamper the doing of business within the range of their corporate powers, nor to put into the hands of those, with whom they may contract in reliance upon the contractual protection given by the statute, a weapon of substantial defense, which might in conceivable cases amount to immunity from liability; but its aim is rather to bring foreign corporations under the supervision and regulation of state officials, and to give to the public the same information respecting their financial standing, their character and management, which is required of domestic corporations and also to render them amenable to ordinary legal process. * * * The statute does not say that an action shall not be begun, nor that the courts shall not receive or entertain it nor prohibit its maintenance forever but only until the corporation has complied with the law."

This view was followed by Judge McGuire in the case of Hill-Lanham, Inc., v. Lightview Development Corp., D.C. D.C., 163 F.Supp. 475. The statute itself, by subsection (c), imposes penalties, which may be paid at any time, and which must be paid by a noncomplying foreign corporation before a certificate of authority may be issued to it. The Court would do violence to the legislative intent of Congress by exacting the further penalty of refusing to maintain a suit after the payment of such penalties for debts justly owing to the corporation, the incurring of which is expressly permitted by the statute.

For the reasons stated, the motion of defendant to dismiss will be denied.

Counsel will prepare an appropriate order to carry this decision into effect.