**COLUMBIA INSTITUTE OF RADIO AND TELEVISION BROADCASTING, INC., Appellant,**

v.

**Ralph Roderick SHEHYN, Appellee.**

**No. 18155.**

United States Court of Appeals District of Columbia Circuit.

Argued April 23, 1964.

Decided Aug. 6, 1964.

Mr. John Joseph Leahy, Washington, D. C., for appellant.

Mr. Carleton U. Edwards, II, Washington, D. C., with whom Mr. Bernard Margolius, Washington, D. C., was on the brief, for appellee.

Before BAZELON, Chief Judge, and WRIGHT and McGOWAN, Circuit Judges.

McGOWAN, Circuit Judge.

This is an appeal from an order of the District Court dismissing the complaint upon motion prior to trial. A memorandum filed by the court makes clear that the motion was granted because appellant, a corporation which had been dissolved by proclamation for failure to file annual reports and to pay the related fees required by law, had not brought its action within the time specified by statute for a corporation in this status. The memorandum does not, however, distinguish between what appear to us to be two separate causes of action in the complaint. We agree with the District Court's disposition in respect of one of such causes of action. But the other does not seem to us vulnerable on the ground specified by the court, whatever its other weaknesses may be said to be; and we think it appropriate for the District Court to appraise these in the first instance.

I

Appellant was incorporated in the District of Columbia in January of 1958. Its purpose was to conduct a school for those aspiring to careers in radio and television broadcasting; and, to this end, it undertook to lease certain premises from appellee for use as the school building. There is no need to detail here the troubled course of the resulting relationships between lessor and lessee. It suffices to say that before the end of 1958 appellee had successfully resorted to the processes of the Landlord and Tenant Branch of the then Municipal Court to recover possession of the premises; and, on October 20, 1959, appellant brought suit in the District Court for damages for breach of contract. Radio and television broadcasters have had, perforce, to continue unschooled, at least to the extent that appellant was to be looked to as the fount of this branch of human knowledge.

The District Court litigation followed a leisurely course. On June 21, 1960, appellee amended his answer to recite that, on September 14, 1959, appellant had been proclaimed dissolved for failure to

file its annual reports for two years and to pay the accompanying fees.[1] On July 28, 1961, an order dismissing the complaint without prejudice was entered upon consent. The suggestion is that appellant agreed to this order with a view to seeking reinstatement of its corporate status [2] and renewing its effort to collect damages from appellee thereafter. On August 1, 1961, however, appellee reserved the use of appellant's corporate name for a period of 60 days,[3] and the implication is that this caused the authorities administering the corporation statutes to deny appellant the opportunity to seek reinstatement.[4] The sig-

nificance of the 60-day reservation period (which is the maximum permitted by the statute) presumably lies in the fact that the two-year period of limitation specified by Section 931i, referred to hereinafter, expired on September 12, 1961. Two weeks after that date, i. e., September 26, 1961, appellant filed a complaint in a new action against appellee.

That complaint renewed the claim for breach of contract.[5] It added, however, allegations of a conspiratorial purpose on the part of appellee to destroy appellant and to restrict competition accordingly, and it sought damages on this score as well as injunctive relief. The

1. The statutory provisions with which we are concerned throughout this opinion are a part of the District of Columbia Business Corporation Act, which was adopted June 8, 1954 and which is Chapter 9 of Title 29 of the D.C.Code (1961 ed.), Sections 901–958. Certain amendments became effective in 1963, and appear in Supplement III to the 1961 edition. Section 937 prescribes the effect of failure to pay annual report fees and to file annual reports; and Section 938 provides for dissolution of the defaulting corporation by proclamation.

2. Section 938d provides that a corporation dissolved by proclamation may at any time seek reinstatement by filing a petition to that effect accompanied by the delinquent reports and fees, together with interest and penalties, if any (see Section 939). If the papers tendered are in proper form, and upon payment of a reinstatement fee, a certificate of reinstatement issues which has the effect of nullifying the revocation proceedings and restoring the corporation to the status it had on the date of proclamation.

3. Section 906a provides generally for reservation of the exclusive right to the use of a corporate name by certain enumerated classes of persons and corporations, including "any person intending to organize a corporation under this chapter * * *."

4. The record before us is not clear as to exactly what happened in this regard, although the indications are that appellant claims that these actions are what deprived it of the chance to reinstate its corporate existence. We, of course, express no opinion on any of the aspects of the legal adequacy of this claim, including the question of whether a petition for reinstatement could be pressed by a corporation whose name has been reserved

by someone else. We note in this regard that, as of the time of the events in question, Section 938c directed the Commissioners to reserve the names of all proclaimed corporations until the end of the calendar year in which the proclamations were published. Since this latter event occurs by statutory provision on the second Monday in September (see Section 938(a)), Section 938c was apparently intended to protect proclaimed corporations for 3½ months against appropriation of their names by others. In the case before us, appellant seems to have foregone the benefit of this protection.

It is of interest to note that Section 938d, relating to reinstatement, was one of the parts of the Act amended as of September 3, 1963; and that paragraph (b) of the amended section is addressed expressly to the contingency involved here, namely, the filing of a petition for reinstatement after the protective period of Section 938c has expired and after the name has been reserved by someone else or otherwise become unavailable. The new paragraph (b) specifies that a petition filed under these circumstances shall specify not only the old name, but a new one as well. See also paragraph (c), which provides that the certificate of reinstatement shall issue under these circumstances if the Commissioners find that the proposed new name is available.

5. This complaint was subsequently replaced, on April 19, 1962, by an amended complaint, which enlarged the allegations of the former somewhat without altering its essential nature. A change in form was made, which consisted of designating the breach of contract claim as Count One, and the trade restraint claim as Count Two. Appellee's answer and motion were addressed to this amended complaint, but we see no need to refer to it as such in our discussion.

fact principally relied upon as supporting this second claim was appellee's action in reserving appellant's name. In an answer filed by appellee, it was stated that appellee had, on advice of counsel, reserved appellant's name on August 1, 1961.

Appellee subsequently filed a motion which was styled alternatively as one to dismiss, for judgment on the pleadings, or for summary judgment; and a number of grounds were stated. The District Court's memorandum and order make clear that what was granted was a motion to dismiss, and this solely for the reason that the complaint had been filed after the two-year period of limitation provided by Section 931i. The principal contention pressed upon us by appellant is that the period of limitation properly applicable to it under the circumstances is the three-year period referred to in Section 938(d). We address ourselves to this problem.

## II

Since 1954, as noted above, business corporations in the District of Columbia have been subject to the comprehensive statute embodied in Title 29 of the D.C. Code. One of the requirements of that statute is that corporations organized under it shall file annual reports and pay certain fees related thereto; and failure to discharge this obligation for two consecutive years results in dissolution by proclamation. Section 931i provides that such dissolution "shall not take away or impair any remedy available to or against such corporation, its directors, or shareholders, or any right or claim existing, or any liability incurred, prior to such dissolution if suit or other proceeding thereon is commenced within two years after the date of such dissolution."

This language appears to say quite clearly that, as to those claims or causes of action in existence on the date of dissolution, the dissolved corporation is under the necessity of bringing suit within two years.[6] Appellant, however, points to another section of the statute as affording it three years for this purpose. This is Section 938(d), which says that a corporation dissolved by proclamation "shall nevertheless be continued for the term of three years * * * bodies corporate for the purpose of prosecuting and defending suits by or against them * * *," with such corporate life to continue until final judgment shall have been executed in any suit pending on the date of dissolution or begun thereafter within such three-year period. It would be foolish to deny that this language introduces a certain element of cloudiness into the divination of the legislative purposes in this area. What appear to be the sources of this ambiguity are spelled out in the margin; they seemingly derive from the action of Congress in resolving a choice between alternative approaches by including both—an expedient which, whatever else may be said for it, is seldom conducive to clarity.[7]

As did the District Court, we observe one difference in the two sections which we consider central to the determination of the issue before us. Section

6. Although the point was not made to us, it would perhaps be possible to argue that the language of Section 931i admits of a distinction between "any remedy available," on the one hand, and "any right or claim existing," on the other, with the latter only being confined to those matters in existence on the date of dissolution. As noted hereinafter, however, this language was taken from Section 98 of the MODEL BUSINESS CORPORATION ACT; and in that source the word "for" appears in place of the word "or" immediately preceding the phrase "any right or claim existing" as it is used in Section 931i. Thus it seems clear that "any remedy available" relates to rights or claims existing at the time of dissolution; and suits to assert such remedies are to be brought within two years.

7. In the writing of a new business corporation statute for the District of Columbia, there was available to the draftsmen the MODEL BUSINESS CORPORATION ACT which was prepared under the aegis of the Committee on Corporate Laws (Section of Corporation, Banking and Business Law) of the American Bar Association, and of the American Bar Foundation. As in many of the states, this Model Act was largely utilized as the

931i is quite precise in its reference to rights or claims existing prior to dissolution, and wholly without qualification in its requirement that suit on such causes of action be brought within two years. Section 938(d) is lacking in comparable specificity and, indeed, is stated in terms of the continuance of corporate life for general winding-up purposes rather than in the narrower language commonly used in statutes of limitation. In any event, it does not distinguish in terms between claims in being before dissolution and those arising thereafter, from which circumstance it can be inferred that Congress intended the more exact language of Section 931i to apply with respect to the specific category of claims dealt with therein. Certainly we find no warrant in the generality of Section 938(d) for disregarding the explicit command of Section 931i.

As applied to the complaint in this case, this conclusion sustains the bar interposed to the prosecution of the cause of action for breach of contract. That claim rested upon events which occurred in 1958, and it was surely in existence prior to appellant's dissolution on September 14, 1959. Section 931i empowered appellant, despite its dissolution, to sue upon it, but only within two years. The filing of a complaint on September 26, 1961, was out of time; and we affirm the decision of the District Court in so holding. But that decision, as we noted at the outset, swept more broadly, and included within its reach a second cause of action which seems to fall outside the reach of Section 931i. This is the claim that appellant was the object of an illegitimate scheme by appellee to eliminate appellant from the market, and that this purpose was mainly effectuated by an improper appropriation of appellant's corporate name, thereby frustrating appellant's purpose to secure its reinstatement in the manner provided by law.

It may well be, as appellee insists, that there are other reasons why this second

---

basis of the new statute in the District of Columbia. Section 931i is virtually a verbatim reproduction of Section 98 of the Model Act, the similarities extending to the possession of a common title, i.e., "Survival of Remedy After Dissolution." But in other respects the D.C. Act does not follow the exact pattern of the Model Act—and one of these variances is to be found in the procedure following upon failure to file annual reports. The D.C. Act says, as we have seen, that a delinquent corporation is to be considered as dissolved coincidentally with the publication of a proclamation. Under the Model Act, the chief law officer of the jurisdiction begins judicial proceedings looking toward an eventual decree of dissolution. Pending that decree, however, the offending corporation continues in being while its affairs are wound up under the supervision of the court. See Sections 87–96 of the Model Act.

It has traditionally been the practice of all jurisdictions, as pointed out at p. 532 of Volume 2 of the MODEL BUSINESS CORPORATION ACT ANNOTATED, to make provision "for bringing (or continuing) suits after dissolution, whether by or against the corporation. A majority do so in spite of treating dissolution as a termination of corporate existence. The others use the terminology of continuing the corporate existence for this limited purpose." The District of Columbia seemingly does both. Section 931i follows the language of Section 98 of the Model Act in prescribing a two-year period of limitation for suits on claims in existence on the date of dissolution. Section 938(d), however, has no analogue in the Model Act, and it appears to reflect the terminology of those "others" who expressly continue the corporate existence for winding-up purposes, including suit upon claims. The authors of the D.C. Act, having provided that corporate existence automatically ends under certain circumstances, apparently felt the necessity of including a paragraph of the latter type which keeps the entity alive for winding-up.

The result is, not unnaturally, confusing. But the two sections can be given effect, at least in the circumstances of this case. Section 931i is a clear statute of limitations with respect to those claims in being on the date of proclamation; and it is to be given effect as such. But this case at least suggests the possibility that claims may conceivably come into being after that date. As to them, it would appear that Section 938(d) provides some capacity, as well as opportunity, for their assertion in litigation.

cause of action should be dismissed or otherwise disposed of in appellee's favor prior to trial. But these other reasons are not why the District Court did dismiss it; and, although perhaps not bound to do so, we think that sound judicial administration suggests that the District Court should initially pass upon these other grounds advanced for dismissal or for judgment in advance of trial.

All we hold on this score, then, is that Section 931i does not bar appellant's second cause of action. A fair reading of the allegations indicates that that claim ripened, if at all, when appellee moved on August 1, 1961, to reserve appellant's name. It was not, thus, a claim or right in existence prior to appellant's dissolution, within the meaning of Section 931i, and the two-year interdiction of that statute is not applicable in terms. Since the District Court dismissed it solely because of a contrary assumption as to such applicability, we reverse as to this branch of the complaint and remand for further proceedings.

It is so ordered.