**YORK AND YORK CONSTRUCTION COMPANY, a corporation, Appellant,**

v.

**James ALEXANDER and Margaret T. Alexander, Appellees.**

No. 6251.

District of Columbia Court of Appeals.

Argued April 11, 1972.

Decided Nov. 10, 1972.

———◆———

Malcolm T. Daniels, Washington, D. C., for appellant.

Howard M. Rensin, Washington, D. C., for appellees.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from the trial court's denial of appellant's motion under Super. Ct.Civ.Rule 60(b) to reinstate a suit for breach of contract which had previously been dismissed without prejudice.

The cause of action arises from an alleged breach of a contract between appellant-plaintiff York and York Construction Company (York) and appellees-defendants James and Margaret Alexander (Alexanders) for certain remodeling work to be performed by York on the Alexanders' home. The alleged breach occurred on or about December 7, 1967, and suit was commenced in the United States District Court for the District of Columbia and then later referred by that court to the Superior Court (then Court of General Sessions) on February 8, 1968. On September 7, 1971, the case was called for trial. As a preliminary matter, the trial judge heard a motion to dismiss by Alexanders based on Section 29–941(b) of the D.C.Code which states:

> No corporation required to pay a fee, charge, or penalty under this chapter shall *maintain* in the District of Columbia any action at law or suit in equity *until* all such fees, charges, and penalties have been paid in full. (Emphasis added.)

Alexanders argued that, because certain fees had not been paid by York, the action should be dismissed. York asked for a continuance to pay the fees and the court was apparently inclined to grant the request. But because Alexanders took the position they were entitled to a ruling, the trial judge, for some reason, felt he had no choice but to dismiss the action without prejudice. The court indicated, however, that the suit might be reinstated when the fees were paid:

> I assume of course unless I can be shown some good reason to the contrary, if I grant the motion, it would be without prejudice, which would mean that if you come in and pay the fee, *the case could be reinstated.* That goes without saying under this, because it says until they have been paid in full. . . . The dismissal would have to be without prejudice, and then after you paid them, *then you could come in with a motion to set aside the dismissal or to reinstate the case* on the basis that 941(b) has been complied with. [Tr. at 20–21.]

> . . . I think the only thing I could fairly do . . . would be grant the motion without prejudice and then your client, if he came in and paid the fees, could file a motion to reinstate accompanied by a copy of the receipt of the fees.

*I should think it should be reinstated.* [Tr. at 23–24.] (Emphasis added.)

Shortly thereafter, appellant York paid the required fees and on September 29, 1971 filed a motion to reinstate the action under Super.Ct.Civ.Rule 60(b).

On November 3, 1971, the motion to reinstate was denied by a different trial judge on the ground that Section 29–941(b), which prohibits maintaining an action until the required corporate fees are paid, makes no provision for "revival" of an action. The court stated:

. . . I don't think this [the cause of action] can be revived. I think you'll have to file another suit. If that suit is barred by the Limitations of Action, it's tough luck. But, I don't think that you can resurrect a suit that says you shall not be maintained. . . . [I]t appears to be mandatory that it shall be dismissed. It doesn't say that you shall bring this case back from the dead; it says that this case shall not be maintained. . . . If the Limitations of Actions is raised as a defense, which is required; then that has to be dealt with at that time. But, the statute of limitations would mean nothing, if you can just revive any case that you want to at any time in order to circumvent it. . . .

. . . This action cannot be maintained. Should I overrule [the prior judge's] position? The answer is, no. [Tr. at 29–30.]

 Under the general rule, the statute of limitations is not tolled by the pendency of an action which is voluntarily dismissed without prejudice.[1] In this case, the action was involuntarily dismissed at a time when, if the general rule applied, a new action would be barred by the statute of limitations as the period of three years from the date the cause of action arose expired while the case was awaiting trial.[2] However, we need not reach the question of whether voluntary and involuntary dismissals without prejudice should be treated the same for purposes of tolling the statute of limitations, because reinstatement, in the circumstances of this case, would restore the action to its predismissal status and, hence, no statute of limitations question would be presented.[3] As will be seen, Section 29–941(b) does not foreclose reinstatement once the fees are paid, nor does it require immediate dismissal when nonpayment is brought to the court's attention.

Appellant argues that it need not pay its fees before maintaining an action because Section 29–938(d) provides:

All domestic corporations the articles of incorporation of which are revoked by proclamation . . . shall, nevertheless be continued for the term of three years from the date of such revocation . . . for the purpose of prosecuting and defending suits by or against them, and of enabling them gradually to collect their assets . . . and do all other acts required to liquidate their business and affairs . . . but not for the purpose of continuing the business for which such corporation shall have been organized: *Provided, however,* That with respect to any action, suit, or proceeding begun or commenced by or against a corporation prior to such revocation . . . and with respect to

---

1. Willard v. Wood, 164 U.S. 502, 17 S.Ct. 176, 41 L.Ed. 531 (1896); Kington v. United States, 396 F.2d 9 (6th Cir. 1968); Bomer v. Ribicoff, 304 F.2d 427 (6th Cir. 1962); Humphreys v. United States, 272 F.2d 411 (9th Cir. 1959).

2. D.C.Code 1967, § 12–301(7).

3. Super.Ct.Civ.Rule 60(b)(1); DePinto v. Provident Sec. Life Ins. Co., 323 F.2d

826, 832 (9th Cir. 1963); 7 J. Moore, Federal Practice ¶ 60.09 et seq. (2d ed. 1948); 24 Am.Jur.2d Dismissal, Discontinuance, and Nonsuit §§ 69–70 (1966). See, e. g., Parshall v. Grand Leasing Corp., 17 A.D.2d 953, 233 N.Y.S.2d 777 (1962); Dahl v. S. Klein Dept. Stores, Inc., 23 Misc.2d 997, 207 N.Y.S.2d 204 (1960).

any action, suit, or proceeding begun or commenced by or against such corporation within three years after the date of such revocation . . . such corporation shall only for the purpose of such actions, suits, or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgments, orders, or decrees therein shall be fully executed.

█ According to appellant, Section 29–938(d) permits a corporation to maintain an action for three years after its articles of incorporation are revoked despite the fact that the corporation is delinquent in its financial obligations to the District of Columbia and, therefore, the action should not have been dismissed. This argument was made initially in opposition to the motion to dismiss and, as the trial court recognized, appellant's interpretation is not tenable.

The two statutes are not directed at the same problem. Section 29–938(d) is concerned with the problem of a corporation whose powers are rendered inoperative by issuance of a proclamation of revocation under Section 29–938. For purposes other than doing business, Section 29–938(d) preserves corporate existence for a period of three years so that creditors, shareholders, and others will not be prejudiced by dissolution[4] of the corporate entity. Section 29–941(b), on the other hand, applies to all corporations, irrespective of whether they have been dissolved by proclamation of revocation. Merely because Section 29–938(d) preserves corporate status for certain limited purposes, it does not override the requirement that corporations meet their statutory financial obligations to the District of Columbia.[5]

Moreover, even if the conflict between the two statutes were more real than apparent, the general language of Section 29–938(d) would have to give way to the more specific mandate of Section 29–941(b) that a corporation must pay its fees before being able to maintain an action in the courts of this jurisdiction.[6] Consequently, although a corporation's existence is continued for a period of time after issuance of the proclamation of revocation, a corporation may not *maintain* an action in the District of Columbia *until* the necessary fees under Section 29–941(b) are paid.

That statute does not require dismissal of pending litigation, however, nor does it bar reinstatement of the action after the necessary fees are paid. Similar statutes exist here and in many other jurisdictions. The District of Columbia Code, for example, provides that a *foreign corporation* shall not maintain an action until it has obtained a certificate of authority.[7] In Hill-Lanham, Inc. v. Lightview Development Corp., 163 F.Supp. 475 (D.D.C.1957), the

4. D.C.Code 1967, § 29–938(b).

5. *Id.* § 29–936.

6. Columbia Institute of Radio & Television Broadcasting, Inc. v. Shehyn, 119 U.S.App.D.C. 55, 58–59, 336 F.2d 974, 977–978 (1964).

7. No foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority. . . . D.C.Code 1967, § 29–934f(a).

 The Model Business Corporation Act contains a similar provision:

> No foreign corporation transacting business in this State without a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority. . . .

Model Business Corporation Act Annotated § 124 (2d ed. 1971).

> The comment to this section states:
> [I]f suit has been instituted prior to qualification, the corporation may then qualify and *continue its litigation without the necessity of refiling suit after qualification, which may be important if a statute of limitations is involved.*
> . . . . *Id.* ¶ 2, at 774. (Emphasis added.)

United States District Court for the District of Columbia refused to dismiss an action when the corporate plaintiff had not obtained a certificate of authority. The court said that "non-compliance is a mere *temporary disability and, therefore, capable of obviation at any stage of the proceedings.*" *Id.* at 476. In construing the language "shall not maintain," the court held that it was not absolutely prohibitive but merely suspended the power to continue with the suit until the corporation complied with the laws of the District.

> [T]he statute does not say that an action shall not be *begun* nor that the Court shall not receive or entertain it, but only that it shall not be maintained—and there is a difference—until the corporation shall have complied with the law. [*Id.*] (Emphasis in original.)

Similarly, in Federal Loose Leaf Corp. v. Woodhouse Stationery Co., 163 F.Supp. 482 (D.D.C.1958), the District Court denied a motion to dismiss after the corporation had obtained a certificate of authority from the District of Columbia.

> The Court would do violence to the legislative intent of Congress by exacting the further penalty of refusing to maintain a suit after the payment of such penalties for debts justly owing to the corporation. . . . [*Id.* at 483.]

The vast majority of courts interpret statutes which preclude "maintaining an action" until there is compliance with certain state requirements as meaning that compliance after an action has commenced is sufficient to enable the corporation to proceed with its suit.[8]

The import of these decisions is that statutes such as Section 29–941(b) are not intended to absolutely deprive a corporation of access to the courts, but only to force the corporations *to pay whatever* fees, taxes, or other financial obligations are owing to the body politic. Failure to pay the required fees gives rise to specific penalties in the form of fines,[9] interest penalties,[10] and revocation proceedings.[11] If Congress had intended that a corporation be placed under the additional burden of being absolutely barred from prosecuting or defending an action, specific language to this end doubtless would have been employed. Instead, it appears that Congress intended that a corporation be retroactively relieved of all disabilities once the corporation has fulfilled its statutory obligations to the District.

> Upon the issuance of the certificate of reinstatement, the revocation proceedings theretofore taken as to such corporation by proclamation shall be deemed to be annulled, and such corporation shall have such powers, rights, duties, and obligations as it had at the time of the issuance of the proclamation with the same force and effect as to such corporation as if the proclamation had not been issued.[12]

Revocation proceedings are the ultimate sanction imposed on a corporation under the laws of the District. If reinstatement

8. Vornado, Inc. v. Corning Glass Works, 255 F.Supp. 216 (D.C.N.J.1966), aff'd 388 F.2d 117 (3d Cir. 1968) ; Inn Operations, Inc. v. River Hills Motor Inn Co., 261 Iowa 72, 152 N.W.2d 808 (1967) ; Menley & James Laboratories, Ltd. v. Vornado, Inc., 90 N.J.Super. 404, 217 A.2d 889 (1966) ; E. R. Moore Co. v. Ochiltree, 16 Ohio Misc. 45, 239 N.E. 2d 242 (1968) ; 6 A.L.R.3d 326, 330–38 (1966). *See also* Diverco Constructors, Inc. v. Wilstein, 4 Cal.App.3d 6, 85 Cal. Rptr. 851 (1970) ; Duncan v. Sunset Agricultural Minerals, 273 Cal.App.2d 489, 78 Cal.Rptr. 339 (1969). *Cf.* Traub Co.

v. Coffee Break Service, Inc., 66 Cal. 2d 368, 57 Cal.Rptr. 846, 425 P.2d 790 (1967). *But see* Peacock Hill Ass'n v. Peacock Lagoon Constr. Co., Cal.App., 100 Cal.Rptr. 742 (1972), hearing granted May 18, 1972. *Contra,* Parker v. Lin-Co Producing Co., 197 So.2d 228 (Miss. 1967) ; 6 A.L.R.3d 326, 338–40 (1966).

9. D.C.Code 1967, §§ 29–938(a), 29–942.

10. *Id.* § 29–936(g).

11. *Id.* § 29–938.

12. *Id.* § 29–938d(d).

is deemed to nullify those proceedings retroactively, then surely Section 29–941(b) is not intended to prohibit a corporation from continuing its action once it has been reinstated. As appellees correctly note, the motion to dismiss would have been mooted had York paid its fees immediately before the hearing on that motion.[13] If that had happened, then, of course, York could have "maintained" its action. We see no reason why a few hours delay should require immediate dismissal. The first trial judge should have granted a continuance or made some other disposition which would have given the corporation a reasonable time to comply with the laws of the District.[14]

We construe the dismissal by the first trial judge as being without prejudice to a reinstatement of the action.[15] And "[w]hen an action is reinstated, the effect of the statute of limitations is to be determined by the date the complaint was originally filed, unless the result will be to inject a new claim." DePinto v. Provident Security Life Insurance Co., 323 F.2d 826, 832 (9th Cir. 1963). There is no problem here of injecting a new claim or cause of action upon reinstatement.

In this case the discretion to reinstate was not exercised because the second trial judge mistakenly concluded that reinstatement was prohibited under the statute. In the circumstances of this particular case, we see no point in remanding to the trial court for an exercise of discretion in respect to reinstatement of the action as this would appear to be a needless exercise which would only further delay this already protracted litigation.

Order reversed, dismissal is vacated with instructions to reinstate the action.

13. Brief for Appellees at 9.

14. Of course, had the corporation refused to pay the fees within that time, dismissal would have been proper.

15. Because the effect of the dismissal was "without prejudice" to *reinstatement* rather than a *new action*, appellant could more properly be expected to move for reinstatement than to appeal the dismissal.