Yanci DUPREE, Appellant,

v.

Burtell JEFFERSON, et al.

No. 79–1847.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 4, 1980.

Decided Oct. 6, 1981.

---

**62.** 43 Fed.Reg. 48,621 (1978) (emphasis added).

Dennis Hart, Washington, D. C., with whom Kenneth Michael Robinson, Washington, D. C., was on the brief, for appellant.

Richard B. Nettler, Asst. Corp. Counsel, Washington, D. C., with whom Judith W. Rogers, Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before ROBINSON, Chief Judge, WALD, Circuit Judge, and JUNE L. GREEN,* District Judge.

Opinion for the Court filed by Chief Judge ROBINSON.

---

* Of the United States District Court for the District of Columbia, sitting by designation pursu- ant to 28 U.S.C. § 292(a) (1976).

SPOTTSWOOD W. ROBINSON, III, Chief Judge:

This is an appeal from an order of the District Court dismissing appellant's action against the District of Columbia, its Chief of Police, and numerous named police officers as barred by the statute of limitations. The issue presented is whether, under District of Columbia law, the statute is tolled during pendency of a suit ultimately dismissed involuntarily without prejudice—a question not yet resolved by the District of Columbia courts. Concluding that those courts would hold that the running of the statute is not arrested, we affirm the order of dismissal.

I

Appellant's controversy with the District's Metropolitan Police Department has been before the courts, in one form or another, for eight years. On August 10, 1973, appellant filed Civil Action No. 1602–73 in the District Court against the Chief of Police, several police officers, and the District of Columbia, alleging that she had been deprived of constitutional rights and had suffered physical injury, pain, mental anguish, and loss of freedom as a result of numerous encounters with police officers during 1972 and 1973.[1] Specifically, the complaint averred that on August 30, 1972, appellant was arrested twice for "incommoding the sidewalk,"[2] and on the second of these occasions was physically and verbally abused.[3] The complaint further charged that subsequent to the August 30 incident, she was followed without reason and stopped or arrested, the last time on July 28, 1973.[4] In her prayer for relief, appellant sought to have two statutes[5] declared unconstitutional, both facially and as applied.[6] She also demanded injunctive relief,[7] and compensatory and punitive damages.[8]

On June 6, 1975, appellant moved to dismiss the claims for injunctive and declaratory relief on terms the parties had previously stipulated.[9] The District Court, in an order dated June 30, 1975, granted that motion and further ordered that, for the monetary consideration agreed to by the parties, appellant's damage claims be dismissed with prejudice.[10] Shortly thereafter, on July 10, appellant moved to vacate the dismissal order, stating that the motion requesting it had been filed without her knowledge or assent.[11] The record does not reflect a ruling on this motion.

1. Complaint, *Dupree v. Wilson*, Civ. No. 1602–73 (D.D.C.) (filed Aug. 10, 1973). The District Court record in Civil Action No. 1602–73 will hereinafter be cited as 73–R. In addition to Jerry C. Wilson, the former Chief of the Metropolitan Police Department, the complaint named as defendants a dozen members of the Department: Burtell Jefferson, Donald Randall, John Sherman, John Nichols, R. R. Ramey, S. R. Cooley, R. W. Hudson, J. C. White, Frank Martin, Winston Robinson, Harvey Lee, and Howard Dublin. The record in Civil Action No. 1602–73 is not part of the record on appeal in this case, but we refer to it pursuant to our authority to judicially notice related proceedings in other courts. See *Gomez v. Wilson*, 155 U.S.App.D.C. 242, 247 n.28, 477 F.2d 411, 416 n.28 (1973); *Stradley v. Cortez*, 518 F.2d 488, 494 n.8 (3d Cir. 1975); *United States v. Verlinsky*, 459 F.2d 1085, 1089 (5th Cir. 1972).

2. Complaint, 73–R., ¶ 8; see D.C.Code § 22–1107 (1973).

3. Complaint, 73–R., ¶¶ 9–14.

4. *Id.* ¶¶ 15–19.

5. D.C.Code §§ 22–1107, 22–1121(2) (1973).

6. Complaint, 73–R., ¶¶ 26, 27.

7. *Id.* ¶ 28. Appellant requested a permanent injunction prohibiting appellees from interfering with her rights, and an order requiring Chief of Police Wilson to submit a proposed directive to the Police Department implementing the court-ordered relief.

8. *Id.* ¶¶ 30–32.

9. Motion of Plaintiff to Dismiss Claims for Injunctive and Declaratory Relief, 73–R. (filed June 6, 1975).

10. Order, 73–R. (filed June 30, 1975). This order called upon the Police Department to implement a program of instruction, supervision and evaluation relative to enforcement of §§ 22–1107 and 22–1121(2) of the District of Columbia Code. *Id.*

11. Motion of Plaintiff to Vacate Order of June 30, 1975, 73–R. (filed July 10, 1975). This mo-

However, on October 31, 1975, appellees moved to enforce a settlement agreement allegedly entered into with appellant on March 17.[12] Appellees stated that appellant had repudiated their earlier monetary settlement and had refused to execute releases.[13] The District Court, on February 27, 1976, granted this motion as to injunctive and declaratory relief, and denied it as to damages.[14] Appellant filed a notice of appeal[15] but apparently abandoned it.

More than a year later, on September 8, 1977, appellant filed what was termed a "supplemental complaint."[16] In addition to the allegations set forth in the 1973 complaint, the supplemental complaint charged that, as part of a continuing course of misconduct by the Police Department, appellant had been stopped, harassed, and physically and verbally abused on December 10, 1975.[17] On September 26, 1978, the District Court *sua sponte* dismissed this complaint without prejudice for failure to prosecute.[18] Appellant's subsequent motions for reconsideration of that dismissal were denied by the court.[19]

Undaunted, the appellant filed a new suit, Civil Action No. 79–1917, on March 29, 1979.[20] Following the District Court's order for briefing on the question whether further pursuit of the cause of action was foreclosed by the statute of limitations,[21] on May 29, 1979, the court dismissed the action as so barred.[22] It is an appeal from this dismissal that is now before us.

Appellant argues that, under District of Columbia law, statutes of limitation are suspended during pendency of an action subsequently involuntarily dismissed, and that the District Court therefore erred in not excluding from its computation of the limitation period the time during which the first lawsuit remained on the court's docket.[23] We believe appellant has misapprehended the substantive District of Columbia law on this point, and accordingly we affirm the order under review.

## II·

The question, then, is whether appellant's initial action, which as to damages ultimately was involuntarily dismissed without prejudice, tolled the running of the

---

tion also stated that the attorney who had filed the June 6 motion had been previously informed that appellant had obtained other counsel. *Id.*

12. Motion of Defendants to Enforce the Settlement Agreement, 73–R. (filed Oct. 31, 1975).

13. *Id.*

14. Order, 73–R. (filed Feb. 27, 1976).

15. Notice of Appeal by Plaintiff From Order of February 27, 1976, 73–R. (filed Mar. 26, 1976).

16. Supplemental Complaint (Supp. Complaint), 73–R. (filed Sept. 8, 1977). This complaint was filed with the District Court's leave pursuant to Fed.R.Civ.P. 15(d). Order, 73–R. (filed Oct. 5, 1977). The complaint added the following individual members of the Metropolitan Police Department as defendants: Maurice C. Cullinane, Thomas N. Chamberlain, Vernon N. Jones, Norman A. Walker, Donald R. Exium and Jerome M. Fremeau.

17. Supp. Complaint, 73–R., ¶¶ 21–22.

18. Order, 73–R. (filed Sept. 26, 1978).

19. See Motion and Memorandum of Law by Plaintiff in Support of Motion for Reconsideration of Order Dismissing Case, 73–R. (filed Oct. 3, 1978); Order, 73–R. (filed Oct. 18, 1978); Motion of Plaintiff for Reconsideration of Order Dismissing Case or in the Alternative for Hearing Before the Court on Matter, 73–R. (filed Jan. 30, 1979); Order, 73–R. (filed Feb. 13, 1979).

20. Complaint, *Dupree v. Jefferson*, Civ. No. 79–1847 (D.D.C.), Doc. No. 1 (filed Mar. 29, 1979). The District Court record in Civil Action No. 79–1847, the instant case, will hereinafter be cited as 79–R. At the time the complaint therein was filed, Burtell Jefferson had replaced Jerry C. Wilson as Chief of the Metropolitan Police Department. With this minor exception in the parties named, the 1979 complaint was identical to the supplemental complaint filed in 1977. Compare *id.* with Supp. Complaint, 73–R.

21. Order, 79–R., Doc. 4 (filed May 1, 1979).

22. Order, 79–R., Doc. No. 7 (filed May 29, 1979). This order did not cite a specific statutory limitation period.

23. Brief for Appellant at 5.

statute of limitations while it remained pending. The parties say unanimously that District of Columbia law controls, and we approach the problem on that basis.[24] The issue presented, however, has not yet been resolved by the District of Columbia courts;[25] indeed, decision thereon has specifically been reserved by the District of Columbia Court of Appeals.[26] Our task is thus to decide the question as we believe those courts would.

■ As enunciated by the Supreme Court, the general rule on the subject is that "if a plaintiff mistakes his remedy, in the absence of any statutory provisions saving his rights, or where from any cause . . . the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred."[27] So pervasive is this principle[28] that the District of Columbia courts presumably would adopt it; that would dictate that there be no tolling in the instant situation. Appellant urges, however, that the rule is discretionary, and

therefore need not govern the question of tolling when dismissal of the earlier action was involuntary.[29]

As we have noted, the courts of the District of Columbia have not yet ruled definitively on this issue. The District of Columbia Court of Appeals, however, has considered the question of tolling in a slightly different context. In *York & York Construction Co. v. Alexander*,[30] that court held that the pendency of an action *voluntarily* dismissed without prejudice does not interrupt the running of the statute of limitations.[31] In so concluding, the *York* Court cited both the Supreme Court opinion quoted above and several opinions from federal courts of appeals.[32] Because the court relied upon these cases without further discussion, it is to them that we must now look for guidance in resolving the question presented on this appeal.

Each of those cases held, as did the *York* Court, that a statute of limitations is not tolled during pendency of an action volun-

**24.** See Brief for Appellee at 2. Appellant stated at oral argument that the statute-of-limitations question is covered by local "jurisdictional" caselaw. A rationale for application of the local statute to this constitutional cause of action was not advanced by the parties, either in briefs or at oral argument. For this reason, we decline to address the question ourselves. Rather we take the case as we find it, and proceed for purposes of this appeal on the parties' common premise that District of Columbia law does control. See *Trailmobile Co. v. Whirls*, 331 U.S. 40, 48, 50, 67 S.Ct. 982, 986, 987, 91 L.Ed. 1328, 1335, 1336 (1947); *United States v. White*, 454 F.2d 435, 439 (7th Cir. 1971), *cert. denied*, 406 U.S. 962, 92 S.Ct. 2070, 32 L.Ed.2d 350 (1972); *Pedicord v. Swenson*, 431 F.2d 92, 93 (8th Cir. 1970); *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 n.2 (9th Cir. 1980); *cf. Miller v. Aviron*, 127 U.S.App. D.C. 367, 369–370, 384 F.2d 319, 321–322 (1967).

**25.** At oral argument, appellees cited *Harris v. Pennsylvania R.R.*, 106 U.S.App.D.C. 399, 273 F.2d 524 (1959), and contended that *Harris* decided the precise question of local law presented herein. Although we today reach the same result that *Harris* did, that case is distinguishable. In *Harris*, this court affirmed a District Court order dismissing as time-barred an action duplicating one previously filed and dismissed for want of prosecution. *Id.* at 400, 273

F.2d at 526. As such, the *Harris* opinion not indicating otherwise, the dismissal presumably was with prejudice. See Fed.R.Civ.P. 41(b). A dismissal with prejudice operates as an adjudication upon the merits, and consequently operates to bar a later action.

**26.** See *York & York Constr. Co. v. Alexander*, 296 A.2d 710, 712 (D.C.App.1972).

**27.** *Willard v. Wood*, 164 U.S. 502, 523, 17 S.Ct. 176, 181, 41 L.Ed. 531, 540 (1896).

**28.** See, *e.g.*, *Walko v. Burger Chef Systems, Inc.*, 281 Md. 207, 378 A.2d 1100, 1102 (1975); *Swallows v. Albuquerque*, 61 N.M. 265, 298 P.2d 945, 948 (1956); *Royal-Globe Ins. v. Hauck Mfg. Co.*, 233 Pa.Super. 248, 335 A.2d 460, 462 (1975).

**29.** Brief for Appellant at 5, 7.

**30.** *Supra* note 26.

**31.** 296 A.2d at 712.

**32.** *Id.* at 712 n.1, citing *Willard v. Wood, supra* note 27; *Kington v. United States*, 396 F.2d 9 (6th Cir.), *cert. denied*, 393 U.S. 960, 89 S.Ct. 396, 21 L.Ed.2d 373 (1968); *Bomer v. Ribicoff*, 304 F.2d 427 (6th Cir. 1962); *Humphreys v. United States*, 272 F.2d 411 (9th Cir. 1959).

tarily dismissed without prejudice.[33] Without exception, the decisions cited by *York* reasoned that a dismissal without prejudice does not operate as an adjudication upon the merits, and thus leaves the situation the same as if suit had never been brought.[34] In effect, therefore, there was nothing to suspend the operation of the limitation period. Thus, as the Sixth Circuit has aptly declared, "[i]n the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action ... dismissed [without prejudice] was pending."[35]

The District Court for the Middle District of Pennsylvania, adopting this reasoning, held in *DiSabatino v. Mertz*[36] that the Pennsylvania statute of limitations for personal injury actions was not tolled during pendency of an earlier action *involuntarily* dismissed for lack of venue.[37] The *DiSabatino* court emphasized, not that the dismissal was involuntary, but rather that it was without prejudice, and therefore did not operate as an adjudication upon the merits.[38] We think the court identified the crucial consideration, and that the pivotal question is whether the dismissal was with or without prejudice, not whether it was voluntary or involuntary.

We conclude, then, that the rule against tolling set forth by the District of Columbia Court of Appeals in *York*[39] applies with equal force to nonprejudicial dismissals, be they voluntary or involuntary. We therefore hold, as we believe the District of Columbia courts would hold, that under District of Columbia law the pendency of an action involuntarily dismissed without prejudice does not operate to toll the running of the statute of limitations. In the case at bar, whatever the limitation period applicable,[40] it was not arrested during pendency of appellant's first action which was involuntarily dismissed without prejudice for want of prosecution. Because the complaint in the instant case was not filed until March 29, 1979, more than three years—the outermost limit[41]—after the last wrongful act alleged,[42] the action was barred by the statute,[43] and the order of the District Court dismissing it is accordingly

*Affirmed.*

---

**33.** *Kington v. United States, supra* note 32, 396 F.2d at 10; *Bomer v. Ribicoff, supra* note 32, 304 F.2d at 429; *Humphreys v. United States, supra* note 32, 272 F.2d at 412.

**34.** *Kington v. United States, supra* note 32, 396 F.2d at 10; *Bomer v. Ribicoff, supra* note 32, 304 F.2d at 428; *Humphreys v. United States, supra* note 32, 272 F.2d at 412.

**35.** *Bomer v. Ribicoff, supra* note 32, 304 F.2d at 429; accord, *Enos v. Kaiser Indus. Corp.*, 443 F.Supp. 798, 802 (D.D.C.1978).

**36.** 82 F.Supp. 248 (M.D.Pa.1949).

**37.** *Id.* at 249.

**38.** *Id.*

**39.** *York & York Constr. Co. v. Alexander, supra* note 26, 296 A.2d 710.

**40.** As was noted above, see note 22 *supra*, the District Court did not specify which statutory limitation period barred the action. Appellees argued that the action is barred by D.C.Code § 12–301(4) (1973), which provides a one-year period for actions for assault, battery, malicious prosecution, false arrest, and false imprisonment. Brief for Appellees at 2; see D.C.

Code § 12–301(4) (1973). Appellant has not cited a statutory provision, either before the District Court or on this appeal. At oral argument, however, appellant seem to suggest that the complaint included causes of action for harassment and loss of reputation, either or both of which might be covered by the three-year catch-all period set forth in § 12–301(8). See D.C.Code § 12–301(8) (1973). We need not reach the question of which of the two sections controls, because the action is time-barred under either. See text *infra* at note 42.

**41.** See note 40 *supra*.

**42.** See Complaint, 79–R., Doc. No. 1, ¶ 24.

**43.** Because appellant summoned the District Court to exercise its legal and equitable jurisdiction concurrently in the present case, the District of Columbia statute of limitations operates to bar her claims for both legal and equitable relief. See *Cope v. Anderson*, 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602, 1607 (1947); *Angelo-Colombian Dev. Co. v. Stapleton*, 57 App.D.C. 209, 211 (1927); *Chiswell v. Johnston*, 55 App.D.C. 3, 5, 7 (1924); *Washington Loan & Trust Co. v. Darling*, 21 App. D.C. 132, 140 (1903).