Delores **CARROLL**, Administratrix of the Estate of Henry Carroll and Delores Carroll in her own right and Gladys Johnson

v.

Adrian **COLON**.

Civ. A. No. 84–3408.

United States District Court, E.D. Pennsylvania.

May 20, 1985.

Ivan J. Feiner, Coco, Feiner & Citron, P.C., Philadelphia, Pa., for plaintiffs.

Edwin F. McCoy, LaBrum and Doak, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

On July 16, 1984, plaintiffs Delores Carroll, the widow of Henry Carroll and the administratrix of his estate, and Gladys Johnson filed a suit in this court against Adrian Colon. Federal jurisdiction was alleged on the basis of diversity of citizenship—plaintiffs being citizens of Pennsylvania while defendant is a citizen of New Jersey. The complaint alleges that Henry Carroll and Gladys Johnson were injured on July 17, 1982 when the defendant's car struck the vehicles which they were driving.[1] Gladys Johnson sought to recover directly for her injuries while Delores Carroll brought suit in her capacity as administratrix of Henry Carroll's estate to recover the damages which he could have recovered for his injuries had he survived to bring suit. Delores Carroll also sought to recover expenses which she had incurred as a result of Henry Carroll's injuries and death.

The complaint was served on defendant on October 29, 1984 and defendant filed a motion to dismiss the complaint on November 19, 1984. The motion contended that the complaint had failed adequately to allege a claim under either the Pennsylvania Wrongful Death Act or the Survival Act for the injuries to Henry Carroll. The motion did not address the sufficiency of the claims asserted by plaintiff Gladys Johnson but the attached proposed order would have dismissed the entire complaint.

Plaintiffs did not respond to this motion until January 31, 1985. On that same day, a status conference was held in this case at which time the parties were informed that the motion to dismiss would be granted and

---

1. The original complaint suggests that Henry Carroll was driving one vehicle while Gladys Johnson was driving another. However, the amended complaint states that Gladys Johnson was a passenger in the automobile driven by Henry Carroll.

that plaintiffs would have until February 5, 1985 to file an amended complaint which corrected the substantial pleading defects identified by defendant's motion. This ruling was memorialized in an Order dated February 1, 1985.

Plaintiffs filed an amended complaint on February 4, 1985. This was met by another motion to dismiss. Plaintiffs responded to that motion and defendant has since filed a reply brief.

The current motion to dismiss contends (1) that the pleading defects identified in the first complaint have not been corrected fully in the amended complaint and (2) that the statute of limitations has expired on plaintiffs' claims because the limitations period was not tolled by the filing of the original complaint.

■ Defendant first argues that the amended complaint is inadequate in that it confuses the elements of a claim for wrongful death and those for a survival action and in that it fails to allege certain essential elements of such claims. Pennsylvania recognizes two distinct causes of action which may accrue following the death of an individual when such death is caused by the wrongdoing of another. A wrongful death claim may be brought by the spouse, children or parents of the deceased to recover "for the death of an individual caused by the wrongful act or neglect or unlawful violence of another." 42 Pa.Cons.Stat.Ann. § 8301. A survival action may be brought by the administrator of the estate of the deceased to recover the damages which the decedent could have recovered for injuries sustained by him during his life. 42 Pa.Cons.Stat.Ann. § 8302.

■ Count I of the amended complaint appears to join these two types of claims into a single count. It contains allegations of injury to Henry Carroll which caused him to lose earnings and earning capacity and which caused him to sustain pain and suffering. Such damages are only recoverable in a survival action. In addition, Count I contains claims for recovery of

damages suffered by the decedent's estate. Those damages are alleged to have accrued as a consequence of his death and would generally be recoverable solely through a wrongful death action.

■ It appears, however, that the allegations of Count I contain all of the elements necessary for a survival claim. For example, that count alleges injuries to Henry Carroll caused by an automobile accident which was allegedly the result of defendant's negligence. The complaint also states that no action was brought to recover for these injuries during Henry Carroll's life. Furthermore, the complaint cites to the Pennsylvania Survival Act as the basis for the cause of action alleged in Count I. Therefore, I conclude that although Count I contains allegations which are unnecessary to a valid survival claim, it contains sufficient allegations to state such a claim and should not be dismissed merely because it includes extraneous allegations.

■ But the amended complaint does not contain allegations sufficient to state a claim under the Wrongful Death Act. In particular, the amended complaint fails to allege that Henry Carroll's death (as opposed to the injuries occasioned by the automobile accident) was in any manner caused by the alleged negligence of defendant. Consequently, I will dismiss the amended complaint to the extent it seeks to recover under the Pennsylvania Wrongful Death Act. Hereinafter, the allegations in Count I will be treated solely as allegations in support of a survival claim and only such damages as would be recoverable in a survival action will be available to plaintiffs under this count.

■ Defendant's motion also contends that the statute of limitations bars all of the claims set forth in the amended complaint. In support of this position, defendant cites to the "well settled" principle that a complaint dismissed without prejudice is to be treated as if it had never existed for purposes of the statute of limitations. *E.g., Dupree v. Jefferson,* 666 F.2d 606 (D.C.Cir.1981); *Moore v. St. Louis Music*

*Supply Co., Inc.,* 539 F.2d 1191 (8th Cir. 1976); *Sabo v. Parisi,* 583 F.Supp. 1468 (E.D.Pa.1984); *DiSabatino v. Mertz,* 82 F.Supp. 248 (M.D.Pa.1949). Therefore, defendant argues, since the claims presented through the survival action accrued on the date that Henry Carroll was injured by defendant's allegedly negligent actions— July 17, 1982—the filing of the amended complaint on February 4, 1985 was the first date on which the statute of limitations would have been tolled. Because this date is more than two years after the date of the injury to Henry Carroll, defendant asserts, the survival claim is barred by the statute of limitations. 42 Pa.Cons.Stat. Ann. § 5524(2) (two-year statute of limitations for personal injury action).[2]

 Plaintiffs' response to the most recent motion to dismiss does not address this aspect of defendant's motion. However, dismissal of a claim on the ground that the statute of limitations has expired should not occur unless it is clear from the face of the complaint that the statutory period has elapsed and that there was no basis for tolling the running of the limitations period.

The Court of Appeals for the Third Circuit recently addressed the issue raised by defendant's motion in *Cardio-Medical Associates v. Crozer-Chester Medical Center,* 721 F.2d 68 (1983). In an opinion by then Chief Judge Seitz, the court concluded that an amended complaint filed after a Sherman Act claim was dismissed without prejudice due to deficiencies in its jurisdictional allegations could not present a jury demand when no jury demand was made in the original complaint. The court noted:

a well recognized principle that a statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice. As regards the statute of

limitations, the original complaint is treated as if it never existed.

721 F.2d at 77.

However, the court distinguished their case from the cases in which that rule had been applied. In the case before the court, the order of the district court dismissing the Sherman Act claim without prejudice specifically stated that the plaintiffs would have sixty days in which to file an amended complaint which corrected the deficiencies noted.

The court found that such an order was not final and that this lack of finality was apparent from the procedures followed when the new complaint was filed.

The amended complaint asserted identical claims under the Sherman Act. It was given the same docket number as the original complaint, and it was assigned to the same district judge. No new filing fees were paid, and no new summons was served on the defendants.

721 F.2d at 77. In contrast, those cases in which courts have found the dismissal of a complaint to nullify the original complaint for purposes of the statute of limitations concerned dismissals which constituted final orders. For example, many of them involved (a) voluntary dismissal of a complaint without prejudice by a plaintiff, or (b) a complaint dismissed in a state forum which was renewed in a federal court, or (c) a substantial period of time between the dismissal and the amendment. The distinction between final and nonfinal dismissals was deemed significant by the Court of Appeals which concluded that the rule that the limitations period is not tolled by the filing of a complaint which is later dismissed is not to be applied in cases where there was no final order of dismissal. *Id.*

Although this conclusion was not essential to the ruling in *Cardio-Medical Associates,* it is quite persuasive authority that the general principle relied upon by defend-

---

**2.** This statute of limitations would apply to the personal injury claims of Gladys Johnson as well. Although the February 1, 1985 order stated that the entire complaint was dismissed, the claims of Gladys Johnson were not challenged in the first motion to dismiss. Therefore, those claims should not have been dismissed on February 1. Accordingly, defendant's statute of limitations argument should not apply to her claims.

ant should not be applied in the present case. The distinction which the court discussed between final and nonfinal orders of dismissal has significant and logical force. While a final order dismissing a case without prejudice could result in a significant period of delay prior to the filing of a new action, a nonfinal order such as the order in the present case and in *Cardio-Medical Associates* establishes a time limit within which the complaint must be amended at pain of the dismissal becoming final. Therefore, in the latter case, the plaintiff may not indefinitely extend the limitations period by filing a complaint which is, in some manner, deficient and will therefore be dismissed.

■ Upon review of the decisions which have applied the principle discussed in defendant's motion to dismiss and the analysis of this issue in *Cardio-Medical Associates*, I conclude that the statute of limitations should be deemed tolled by the filing of a complaint which is later dismissed in a nonfinal order and amended within the time for amendment provided in such order. Consequently, the statute of limitations in the present case would have been tolled on July 16, 1984, when the original complaint was filed which is within the two-year limitations period from the date of the alleged automobile accident.

In an accompanying Order, I will deny defendant's motion to dismiss to the extent it seeks to dismiss the survival action for the injuries sustained by Henry Carroll and the direct action by Gladys Johnson.